UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 12-2844 JJO

UNITED STATES OF AMERICA

vs.

TROY DOUGLAS BRIMM,

        Defendant.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?   _____ Yes   __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?   _____ Yes   __X__ No

                Respectfully submitted,
                WIFREDO A. FERRER
                UNITED STATES ATTORNEY

BY:   _____
                MARIA K. MEDETIS
                ASSISTANT UNITED STATES ATTORNEY
                Court Identification No.: A5501214
                99 Northeast 4th Street
                Miami, Florida 33132-2111
                Tel: (305) 961-9010
                Fax: (305) 530-7976

# United States District Court

_____SOUTHERN_____ DISTRICT OF _____FLORIDA_____

UNITED STATES OF AMERICA

v.

TROY DOUGLAS BRIMM

**CRIMINAL COMPLAINT**

CASE NUMBER: 12-2844 JJO

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about October 20, 2009, the defendant, a United States Citizen, currently located in Miami-Dade County, in the Southern District of Florida, did travel in foreign commerce from the United States to the Dominican Republic and, on or about May 3, 2012, engaged in illicit sexual conduct with another person, in violation of Title 18, United States Code, Section 2423(c).

I further state that I am a Special Agent of the Department of Homeland Security, Immigration and Customs Enforcement, Homeland Security Investigations, and that this complaint is based on the following facts:

**SEE ATTACHED AFFIDAVIT**

Dianna Ford, Special Agent
**HOMELAND SECURITY INVESTIGATIONS**

Sworn to before me, and subscribed in my presence,

6/13/12            at    MIAMI, FLORIDA
Date                     City and State

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer          Signature of Judicial Officer

# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT

I, Dianna Ford, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION

1. I am a Special Agent of the Department of Homeland Security, United States Immigration and Customs Enforcement ("ICE"), Homeland Security Investigations ("HSI"), and have been so employed since March 2008. I am currently assigned to the Special Agent In Charge Miami Office, Cyber Group. My responsibilities as a Special Agent include investigating crimes involving the sexual exploitation of minors, including, but not limited to, offenses involving travel in foreign commerce to engage in sexually explicit conduct with minors, and offenses involving the production, possession, and transportation of child pornography. I am also responsible for enforcing federal criminal statutes involving immigration and customs violations.

2. In the course of my duties as a Special Agent, I participated in the investigation of defendant TROY DOUGLAS BRIMM (hereafter BRIMM). The information in this affidavit is based on my personal knowledge as well as information obtained from other witnesses, including law enforcement officers.

3. The information contained in this affidavit is submitted for the limited purpose of establishing probable cause to arrest BRIMM for violating Title 18, United States Code, Section 2423(c). Therefore, this affidavit does not contain all of the information known to me and other law enforcement officers involved in this investigation.

4. Based on the information set forth herein, your Affiant submits that there is probable cause to believe that on or about October 20, 2009, BRIMM, a United States citizen,

currently in Miami-Dade County, in the Southern District of Florida, traveled in foreign commerce from the United States to the Dominican Republic and, on or about May 3, 2012, engaged in illicit sexual conduct with another person, in violation of Title 18, United States Code, Section 2423(c).

## STATUTORY AUTHORITY

5. Section 2423(c) makes it unlawful for a United States citizen or alien admitted for permanent residence to travel in foreign commerce, and engage in any illicit sexual conduct with another person.

6. Section 2423(f) defines "illicit sexual conduct" to include "a sexual act (as defined in section 2246) with a person under 18 years of age that would be in violation of chapter 109A if the sexual act occurred in the special maritime and territorial jurisdiction of the United States." The definition of "sexual act" in 18 U.S.C. § 2246 includes "contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus," and "the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." 18 U.S.C. §§ 2246(2)(B) and (2)(D).

7. Section 2423(f) defines "illicit sexual conduct" to also include "any commercial sex act (as defined in section 1591) with a person under 18 years of age." Title 18, United States Code, Section 1591 defines "commercial sex act" as "any sex act, on account of which anything of value is given to or received by any person." 18 U.S.C. § 1591(c)(1) (2000).

## **PROBABLE CAUSE**

8.   On or about October 20, 2009, BRIMM, a United States citizen born in California, traveled from John F. Kennedy International Airport in New York, New York to the Puerto Plata, Dominican Republic. Department of Homeland Security records show that BRIMM has not reentered the United States since his departure in 2009.

9.   On or about May 3, 2012, the parents of John Doe #1, a 13-year old Dominican national, reported their son missing to the Dominican National Police. That day, the Dominican National Police and the parents of John Doe #1 found the boy in a hotel room in Puerto Plata with BRIMM and another minor boy – John Doe #2, a 15 year-old Dominican national.

10.   John Doe #1 told law enforcement the following: on or about May 2, 2012, in the early evening hours, he and John Doe #2 were walking on the beach in Puerto Plata. BRIMM approached the two boys and invited them to his house to watch television. The boys agreed to accompany BRIMM to the hotel (where police later found the boys). While the boys watched television, BRIMM went to the supermarket and returned with food for the boys.

11.   John Doe #1 also stated that at approximately 11:30 p.m. BRIMM asked the boys to stay the night. The boys agreed. John Doe #2 slept in one of the two bedrooms in the hotel room, John Doe #1 slept on a couch in the living room, and BRIMM retired to the second bedroom. According to John Doe #1, at approximately 12:00 a.m. BRIMM went into the living room and asked John Doe #1 to go to one of the bedrooms with BRIMM. John Doe #1 accompanied BRIMM to the bedroom. Thereafter John Doe #1 saw BRIMM caress John Doe #2's arms. He then saw BRIMM perform oral sex on John Doe #2. BRIMM then performed oral sex on John Doe #1. After this incident, BRIMM and the boys went back to sleep in

separate beds. John Doe #1 stated that at approximately 11:00 a.m. the next morning the Dominican National Police arrived at BRIMM's hotel room.

12. John Doe #2 told police the following: he and John Doe #1 were walking along the beach when BRIMM invited the boys to his house to eat. Later that evening BRIMM caressed John Doe #2 and then proceeded to perform oral sex on John Doe #2. According to John Doe #2, the boys stayed with BRIMM because it was too late to return home. The next morning BRIMM fed the boys breakfast and at thereafter the police arrived.

13. John Doe #2 stated that he and John Doe #1 had engaged in this type of sexual activity with BRIMM several times and that BRIMM paid the boys 200 Dominican pesos after each encounter.

14. The Dominican National Police arrested BRIMM on May 3, 2012. After taking BRIMM into custody, Dominican authorities discovered that BRIMM had an outstanding federal arrest warrant in the Eastern District of California. The warrant was issued by United States District Judge Lawrence J. O'Neill on November 2, 2011 for failure to self surrender. BRIMM had been sentenced to a six month term of imprisonment for supervised release violations stemming from a 1997 conviction for the sexual exploitation of minors, in violation of Title 18, United States Code, Section 2252, and a 1999 conviction for making a false statement in an application for a United States passport, in violation of Title 18, United States Code, 1542.

15. BRIMM was transported by the United States Marshal's Service from the Dominican Republic to Miami, Florida in the Southern District of Florida. On May 8, 2012, BRIMM appeared before United States Magistrate Judge Simonton on the outstanding warrant. Judge Simonton remanded BRIMM to the custody of the Marshal's Service to serve his sentence. He is currently at the Federal Detention Center in Miami, Florida.

## CONCLUSION

16. Based on the facts set forth in this affidavit and my training and experience, I submit that there is probable cause to believe that BRIMM committed violations of federal law, specifically, on or about October 20, 2009, TROY DOUGLAS BRIMM, a United States citizen, traveled in foreign commerce from the United States to the Dominican Republic and engaged in illicit sexual conduct with another person, in violation of Title 18, United States Code, Section 2423(c).

FURTHER AFFIANT SAYETH NAUGHT.

_____
DIANNA FORD, SPECIAL AGENT
IMMIGRATION AND CUSTOMS
ENFORCEMENT, HOMELAND SECURITY
INVESTIGATIONS

Subscribed and sworn to before me on this the 13 day of June 2012:

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE