UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **12-20482-CR-KMM**

**UNITED STATES OF AMERICA**

**v.**

**TROY DOUGLAS BRIMM,**

    **Defendant.**
_____/

### JOINT MOTION TO CONTINUE TRIAL

The United States of America and Defendant Troy Douglas Brimm, by and through the undersigned Assistant United States Attorney, hereby files this motion, to continue the trial currently set for the two-week trial period beginning on July 30, 2012, pursuant to Title 18, United States Code, Sections 3161(h)(7)(B)(i), (ii) and (iv). For the reasons explained below, the parties respectfully request that this Honorable Court continue the trial in this matter for thirty (30) days.

    **I.**    **Procedural and Factual Background**

On June 26, 2012, a federal grand jury sitting in Miami, Florida, in the Southern District of Florida, returned a three-count indictment charging the defendant with two counts of traveling in foreign commerce and engaging in illicit sexual conduct with other persons, in violation of Title 18, United States Code, Sections 2423(c) and 2426(a) (Counts 1 and 2);[1] and one count of

---

[1] Under 18 U.S.C. § 2426(a), "[t]he maximum term of imprisonment for a violation of this chapter after a prior sex offense conviction shall be twice the term of imprisonment otherwise provided by this chapter…." Accordingly, if the defendant, who is a previously convicted sex offender as explained in Section I *infra*, is convicted of Counts 1 or 2 of the indictment he shall face a maximum term of imprisonment of 60 years rather than 30 years.

being required by Federal or other law to register as a sex offender and committing a felony offense involving a minor under Section 2423, in violation of Title 18, United States Code, Section 2260A.[2]  This matter is now set for trial during the two-week trial period commencing July 30, 2012.  [D.E. 8].

At trial the United States will prove that on or about October 20, 2009, the defendant, a United States citizen, traveled from the United States to Puerto Plata, Dominican Republic – a coastal city, approximately 130 miles northwest of Santo Domingo.  On or about May 3, 2012, Dominican police discovered the defendant in an apartment in Puerto Plata with two boys – Minor A, a Dominican national, approximately 13 years old; and Minor B, a Dominican national, approximately 14 years old.  Dominican police had been searching for one of the boys beginning on or about May 2, 2012, when he was reported missing.

The United States will further prove that the defendant encountered the two boys on the beach on or about May2, 2012, and invited them to his apartment.  Thereafter the defendant performed oral sex on the two boys at the apartment and attempted to sodomize one of the boys.  Dominican authorities arrested the defendant and charged him locally with sexual abuse of minors.

Shortly after the defendant's arrest, Dominican authorities learned that the defendant had an outstanding federal arrest warrant in the Eastern District of California for failure to surrender.  The defendant had been sentenced to a six-month term of imprisonment for supervised release violations stemming from a prior conviction for receiving and distributing materials involving the sexual exploitation of minors, in violation of Title 18, United States Code, Section

---

[2] If the defendant is convicted of Count 3 of the indictment under 18 U.S.C. § 2260A, he faces a mandatory minimum sentence of 10 years *consecutive* to whatever sentence of imprisonment he receives for Counts 1 and/or 2 of the indictment.

2

2252(a)(2), Case No. 96-CR-5180 (ECDA), and a prior conviction for making a false statement in an application for a United States passport, in violation of Title 18, United States Code, 1542, Case No. 99-CR-5342 (ECDA).  As a result of the conviction for violating 18 U.S.C. § 2252(a)(2), the defendant was subject to Federal and state sex offender registration requirements.

On or about May 8, 2012, Dominican authorities transferred custody of the defendant to the United States Marshal's Service in Santo Domingo.  The United States Marshal's Service transported the defendant from the Dominican Republic to the Federal Detention Center in Miami, Florida in the Southern District of Florida.  On May 8, 2012, the defendant appeared before United States Magistrate Judge Simonton on the outstanding warrant.  *See* Case No. 12-mj-2637-AMS.  Judge Simonton remanded the defendant to the custody of the United States Marshal's Service to serve his previously imposed six-month sentence.  The defendant was charged in the instant case while at the Federal Detention Center in Miami, Florida.

## II.     Foreign Witnesses

Several witnesses central to the United States case in chief, including the minor victims in this case, are Dominican nationals who do not have citizenship status in the United States. Accordingly, as is typically the case in criminal prosecutions involving foreign witnesses, the United States Attorney's Office will submit a request to the Department of Homeland Security ("DHS") asking that the Dominican witnesses in this case be granted permission (or a parole) to enter the United States for a limited time and for the limited purpose of testify at the defendant's trial.

Undersigned conferred with the DHS Office of International Affairs ("OIA") in Washington, D.C., the entity that will review the parole request for each Dominican witness in

this case, and learned that for each parole request the United States must submit, among other things, a certified copy of the witnesses' birth certificate and a copy of the witness' passport. DHS OIA has advised undersigned that it will expedite the review of these parole requests. Once it receives the required documentation for each witness DHS OIA assured undersigned that it will take no more than seven (7) days to complete their review.

In preparing the parole requests for these Dominican witnesses, the Homeland Security Investigations Office of the Assistant Attaché for the Dominican Republic requested copies of the witnesses' birth certificates from the Office of the Civil Registry (the Dominican government entity that records births and issues birth certificates). The Civil Registry advised that it could not issue birth certificates for two (2) of these witnesses (the mothers of Minor A and Minor B) because the birth records for these witnesses were subject to a "ratification" requirement.

On July 10 and 11, 2012, undersigned conferred with the Assistant Attaché's Office and Dominican immigration officials. Undersigned was advised that this "ratification" process will take approximately four to five weeks to complete because of the following:  Under Dominican law a birth must be reported to the Civil Registry within thirty (30) days. When a birth is reported after the thirty-day window, as is the case with two government witnesses in this case, the Civil Registry categorizes the birth as incorrectly reported. The Civil Registry will not issue a birth certificate for an incorrectly reported birth until a Dominican court enters a decree ratifying the birth record.

To ratify a birth record the Civil Registry must (upon request by the person seeking a copy of their birth certificate) file a motion with a Dominican municipal court asking the court to review the incorrectly reported birth, and enter a decree ratifying the birth record.  The

Dominican court will typically rule on such a motion within four to five weeks of its filing. After the Dominican court enters a decree ratifying the birth record, the Civil Registry will record the ratified birth record and issue the birth certificate immediately.

In the instant case, the HSI Assistant Attaché's Office has asked the Civil Registry to file the ratification motions with the Dominican court. The Civil Registry has advised that it will file the ratification motions on an expedited basis and by no later than Monday, July 16, 2012. After the motion is filed, the United States will have to wait several weeks for the Dominican court to rule on the motion. Thereafter, the United States will then have to wait an additional week for DHS-OIA to complete its parole review process. Accordingly, these government witnesses will not be permitted to lawfully enter the United States by the time of the July 30, 2012 trial date.

The impact of the above-described process on the government's prosecution is as follows: the Dominican Republic will not permit the minor victims in this case to travel to the United States for this trial without their parents. In this case Minors A and B would have to travel to the United States with their mothers (their only present or surviving parent), who are subject to the above-described ratification process. Thus, the United States cannot bring Minors A and B to the United States for the July 30, 2012, because their mothers will not be permitted to lawfully enter the United States by that date.

The minor victims are essential witnesses in this prosecution. If Minors A and B are not present for trial, the United States will not be able to proceed with this prosecution. *See* 18 U.S.C. § 3161(7)(B)(i) ("The factors, among other things, which a judge shall consider in determining whether to grant a continuance under subparagraph (A)" includes "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of

such proceeding impossible or result in a miscarriage of justice."). The United States has exercised all due diligence to assure that its foreign witnesses would be available for the July 30, 2012, and has been successful in assuring that all United States government agencies involved in paroling these witnesses into the United States will act expeditiously. However, the United States is simply not able to expedite the Dominican government's role in this process – namely the birth certificate ratification. Accordingly, the United States respectfully requests a continuance of the July 30, 2012, trial date.

### III.     Defendant's Request for Continuance

On July 10, 2012, undersigned conferred with counsel for the defendant about the instant request for a continuance. Defense counsel advised that it does not object to this motion and wishes to join in it. Defense counsel advised undersigned that he is scheduled for trial in *United States v. Jacque Russel and Walner Montreville*, Case No. 12-CR-20395-RSR, a two-defendant narcotics case set for trial during the two-week period beginning August 6, 2012. [D.E. 22]. Given the complexity of the instant case, the significant statutory sentences the defendant faces in this case, and defense counsel's trial schedule, defense counsel also respectfully requests a thirty-day continuance to properly prepare this matter for trial. *See* 18 U.S.C §3161 (7)(B)(ii) and (iv).

*[This space intentionally left blank.]*

### IV. Conclusion

For the reasons explained, including the unusual witness issues involved in this case; the United States' inability, despite its diligent efforts, to secure key witnesses for the current trial date; and the parties' need for additional time to effectively prepare this matter for trial, the parties respectfully request that the Court continue the July 30, 2012, trial for thirty days pursuant to Title 18, United States Code, Sections 3161(7)(B)(i), (ii) and (iv).

                              Respectfully submitted.
                              WIFREDO FERRER
                              UNITED STATES ATTORNEY

By:    *s/ Maria K. Medetis*
          Maria K. Medetis
          Assistant United States Attorney
          Court Identification No.: A5501214
          99 Northeast 4th Street
          Miami, Florida 33132-2111
          Tel: (305) 961-9010
          Fax: (305) 530-7976
          Maria.Medetis@usdoj.gov

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 12, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. .

                              *s/ Maria K. Medetis*
                              Maria K. Medetis
                              Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **12-20482-CR-KMM**

**UNITED STATES OF AMERICA**

**v.**

**TROY DOUGLAS BRIMM,**

       **Defendant.**
_____/

**ORDER**

This matter comes before the Court on the parties Joint Motion to Continue the Trial. The Court being fully advised in the premises, it is ORDERED and ADJUDGED that the motion is GRANTED.

The Court finds that the ends of justice served by granting the continuance outweighs any interest of the public or the defendant in a speedy trial, based on the complexity of the case and the reasonable time needed for counsel to prepare with due diligence for trial.

It is further ORDERED AND ADJUDGED that the above-styled cause is hereby specially set for trial before the undersigned U.S. District Judge, at the United States District Courthouse, 400 North Miami Avenue, Courtroom 13-1, Miami, Florida, on August ____, 2012.

Counsel shall report to "Call of the Trial Calendar" on August ____, 2012, at 2:00 p.m. in Courtroom 13-1, on the 13th floor of the U. S. Courthouse, 400 North Miami Avenue, Miami, Florida. All exhibits must be pre-marked and an exhibit list shall be furnished to the Court on the date of trial.

2

It is further ORDERED and ADJUDGED that all pretrial motions shall be filed no later than _____, 2012.

DONE and ORDERED in Chambers at Miami, Florida this \_\_\_\_ day of July, 2012.

_____
THE HONORABLE K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc: Counsel of record.
United States Marshal's Service.