UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-CR-20482-MOORE(s)

UNITED STATES OF AMERICA

v.

TROU DOUGLAS BRIMM,

        Defendant.
_____/

### UNITED STATES' NOTICE OF INTENT TO INTRODUCE EVIDENCE PURSUANT TO FED. R. EVID. 413 AND/OR 404(b)

The United States of America, by and through the undersigned Assistant United States Attorney, hereby files this Notice of Intent to Introduce Evidence Pursuant to Federal Rules of Evidence 413 and/or 404(b). Specifically, the United States will seek to introduce, pursuant to four certified convictions from 1991, 1996, 1998, and 2001 showing the Defendant was previously convicted of crimes involving the sexual assault of minor boys pursuant to Rule 413. Also, pursuant to Rule 413, the United States will seek to introduce the testimony of witnesses D.L. who will testify about prior acts of sexual assault by the defendant that relate to the defendant's 1998 conviction.

The United States will alternatively seek to introduce these convictions and D.L.'s testimony pursuant to Fed. Rule of Evidence 404(b) as evidence of motive, intent, knowledge, plan and preparation, and lack of mistake in committing the sexual assaults charged in Counts 1 and 2 of the superseding indictment.

1

## I. PROCEDURAL HISTORY AND FACTUAL BACKGROUND

Defendant Troy Douglas Brimm, a United States citizen, is charged by superseding indictment with two counts of traveling in foreign commerce and engaging in illicit sexual conduct with minors D.G.M. and J.R.P (Counts 1 and 2, respectively), in violation of 18 U.S.C. §§ 2423(c)[1] and 2426(a).[2]  The Defendant is also charged with one count of committing Counts 1 and 2 while being required to register as a sex offender under Federal or other law, in violation of 18 U.S.C. § 2260A (Count 3).[3]

At trial, the evidence in the United States' case-in-chief will show that on or about October 20, 2009, the Defendant traveled from the United States to Puerto Plata, Dominican Republic, where the defendant remained until May 8, 2012.  The evidence will also show that on or about May 2, 2012, the parents of D.G.M. – a 13-year old Dominican boy, reported D.G.M. missing to police in Puerto Plata.  On May 3, 2012, police found the Defendant with D.G.M. and

---

[1] The term "illicit sexual conduct," as used in 18 U.S.C. § 2423(c), "means (1) a sexual act (as defined in section 2246) with a person under 18 years of age that would be in violation of chapter 109A if the sexual act occurred in the special maritime and territorial jurisdiction of the United States; or (2) any commercial sex act (as defined in section 1591) with a person under 18 years of age."  18 U.S.C. § 2423(f).  The United States uses the term "minor" herein to refer to persons under the age of eighteen years old.
  Section 2246 defines the term "sexual act" as "(A) contact between the penis and the vulva or the penis and the anus, and for purposes of this subparagraph contact involving the penis occurs upon penetration, however, slight; (B) contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus; (C) the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or (D) the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person…"

[2] Section 2426(a) provides notice of the statutory sentencing enhancement the defendant is subject to upon conviction of Counts 1 and 2 of the Superseding indictment.  It provides that "[t]he maximum term of term of imprisonment for a violation of [Section 2423(c)] after a prior sex offense conviction shall be twice the term of imprisonment otherwise provided by this chapter, unless section 3559 applies."  *See* 18 U.S.C. § 2426(a).

[3] The Defendant was first indicted on June 26, 2012.  The charges in the indictment and superseding indictment are identical, but differ in only two ways:  first, in counts 1 and 2 the superseding indictment includes the victims' initials, whereas in the indictment the victims were referred to as "Minor A" and "Minor B"; and second, the superseding indictment includes the statutory language "and other law" in Count 3, previously missing from the indictment.

J.R.P., 16-year old Dominican boy at the Defendant's home – a one bedroom apartment in the Cita del Sol apartment building in Cabarete – a town near Puerto Plata.

The evidence will also show that Dominican authorities arrested the Defendant on May 3, 2012, and charged him sexual abuse of minors, but that the Defendant was later turned over to the United States Marshal's Service and returned to the United States on May 8, 2012.[4] The evidence will further show that between October 20, 2009 and May 3, 2012, the Defendant engaged in illicit sexual conduct, with the minors D.G.M. and J.R.P. In particular, the evidence will show that the Defendant performed oral sex on these minors, and that the Defendant penetrated the anus of one of the boys with his (the Defendant's) finger.

## II. LEGAL STANDARD

Through this Notice, the United States seeks to introduce evidence of the defendant's prior acts of sexual assault pursuant to Federal Rule of Evidence 413, and alternatively, pursuant to Rule 404(b). Rule 413 provides in relevant part that in a case like the instant one, where "the defendant is accused of an offense of sexual assault, evidence of the defendant's commission of

---

[4] Shortly after his arrest, Dominican authorities discovered that the Defendant had an outstanding federal arrest warrant in the Eastern District of California for failure to self-surrender to the Bureau of Prisons. The United States does not intend to introduce evidence of the arrest warrant or charges underlying that warrant. However, they are included so that the Court can understand how and why the Defendant left Dominican custody and returned to the United States and came to be charged in the instant case.

Before the Defendant left the United States in October 20, 2009, he was sentenced to six months' imprisonment for violating the conditions of a supervised released term he was serving for two prior federal convictions: a 1997 conviction for receipt and distribution of materials involving the sexual exploitation of minors, in violation of 18 U.S.C. § 2252(a)(2), *see United States v. Brimm*, Case No. 96-CR-5180; and a 2000 conviction for making a false statement in an application for a United States passport, in violation of 18 U.S.C. § 1542, *see United States v. Brimm*, Case No. 99-CR-5342.

Based on the outstanding federal arrest warrant, Dominican authorities transferred custody of the Defendant to the United States Marshal's Service. The United States Marshal's Service escorted the Defendant to the Southern District of Florida, and on May 8, 2012, BRIMM appeared before United States Magistrate Judge Simonton on the outstanding warrant. Judge Simonton remanded BRIMM to the custody of the Marshal's Service to serve his sentence for the above-referenced supervised release violations. While serving his sentence at the Federal Detention Center in Miami, Florida, Defendant was charged in the instant case.

another offense or offenses of sexual assault is admissible, and may be considered for its bearing on any matter to which it is relevant." Rule 413(d) defines "offense of sexual assault" as:

> a crime under Federal law or the law of a State (as defined in section 513 of title 18, United States Code) that involved… (1) any conduct proscribed by chapter 109A of title 18, United States Code; (2) contact, without consent, between any part of the defendant's body or an object and the genitals or anus of another person; (3) contact, without consent, between the genitals or anus of the defendant and any part of another person's body; (4) deriving sexual pleasure or gratification from the infliction of death, bodily injury, or physical pain on another person; or (5) an attempt or conspiracy to engage in conduct described in paragraphs (1)-(4).

*See* Fed. R. Evid. 413.

Notably, Rule 413 provides an exception to the general rule prohibiting "the admission of evidence for the purpose of showing a defendant's propensity to commit bad acts." *See* Fed. R. Evid. 404(a). Put differently, Rule 413 permits other acts evidence precisely for the purpose of showing a defendant's propensity to engage in the kinds of acts with which he is charged. "Congress enacted [Rules 413] because these types of cases [referring to sexual assault cases] often raise questions regarding the victim's credibility and a defendant's prior conduct can be especially probative. Additionally, the rules are "based on the premise that evidence of other sexual assaults is highly relevant to *prove propensity* to commit like crimes." *United States v. Batton*, 602 F.3d 1191, 1196 (10th Cir. 2010) (emphasis added).

Evidence of prior sexual assault and child molestation is admissible under Rules 413 where "(1) the defendant is currently accused of an offense of sexual assault; (2) the proffered prior acts evidence is 'of the defendant's commission of another offense of ... sexual assault,' Fed.R.Evid. 413(a); and (3) the proffered evidence is relevant." *Batton*, 602 F.3d at 1196 (citing *United States v. Guardia*, 135 F.3d 1326 at 1328 (10th Cir. 1998)); *United States v. Benally*, 500

4

F.3d 1085, 1090 (10th Cir. 2007). "Even where evidence is determined to be relevant, however, the admissibility of Rule 413/414 evidence is subject to the Rule 403 balancing test, which permits the exclusion of relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice." *Benally*, 500 F.3d at 190-91.

In *United States v. Enjady*, 134 F.3d 1427 (10th Cir. 1998), the Tenth Circuit explained how the district court can assess the admissibility of other acts evidence under Rules 413 and 414:

> where the government seeks to introduce Rule 413 evidence, the district court must make a preliminary finding that a jury could reasonably find that the "other act" occurred by a preponderance of the evidence. The district court should then consider: 1) how clearly the prior act has been proved; 2) how probative the evidence is of the material fact it is admitted to prove; 3) how seriously disputed the material fact is; and 4) whether the government can avail itself of any less prejudicial evidence. When analyzing the probative dangers, a court considers: 1) how likely it is such evidence will contribute to an improperly-based jury verdict; 2) the extent to which such evidence will distract the jury from the central issues of the trial; and 3) how time consuming it will be to prove the prior conduct.

*Enjady*, 134 F.3d at 1433.

In *Guardia* the court "enumerated considerations which may influence the court's probativeness analysis, including (1) the similarity of the prior acts and the charged acts, (2) the time lapse between the other acts and the charged acts, (3) the frequency of the prior acts, (4) the occurrence of intervening events, and (5) the need for evidence beyond the defendant's and alleged victims testimony." *See Benally*, 500 F.3d at 1090-91 (internal citations omitted). However, when the government seeks to introduce Rule 413 and 414 evidence, the district court must evaluate the evidence and "make a clear record of the reasoning behind its findings as to whether the evidence survives the Rule 403 balancing test. *Id.*

Fed. R. Evid. 404(b) provides in relevant part that:

> [e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in

5

> conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

*See* Fed. R. Evid. 404.

### III. SUMMARY OF EVIDENCE TO BE INTRODUCED PURSUANT TO RULES 413 AND/OR 404(B)

At trial, the United States intends to introduce a certified conviction from the Deputy Clerk's Office for Stanislaus County Superior Court in California, showing that on October 23, 1991, the Defendant was convicted of committing sodomy with a person under 18 years, that is, minor with initials M.B., in violation California Penal Code Section 286(b)(1).

The United States will also seek to introduce a certified conviction from the Clerk of Courts for the United States District Court, Eastern District of California, showing that on January 21, 1997, the Defendant was convicted of receipt and distribution of material involving the sexual exploitation of minors, in violation of Title 18, United States Code, Section 2252(a)(2).

The United States will also seek to introduce a certified conviction from the Deputy Clerk's Office for the Stanislaus County Superior Court showing that on April 22, 1998, the defendant was convicted of engaging in oral copulation with a person under 18 years of age, in violation California Penal Code, Section 288a(b)(1).

The United States will also seek to introduce the testimony of D.L. one of the victims involved in the 1998 conviction. D.L. will testify that he and the Defendant met in Modesto, California in or around 1993, when D.L. was approximately 17 years old and D.L. was homeless.

When they met, the Defendant told D.L. that D.L. looked young for his age.  D.L. will further testify that the Defendant let D.L. live with the Defendant for a period of time, and that during this time the Defendant paid for all of D.L.'s necessities and expenses – food, clothing, gasoline.  D.L. will also testify that he and the Defendant had a sexual relationship that included oral sex and sodomy, and that the Defendant would have D.L. shave his entire body so that D.L. would look younger.

D.L. will testify that during their relationship the Defendant discussed his (the Defendant's) sexual attraction to minor boys, and told D.L. that he (the Defendant) preferred to have sex with boys between the ages of 12 and 14 years old, and that he (the Defendant) didn't think having sex with children should be illegal.

The United States will also seek to introduce a certified conviction from the Deputy Clerk's Office for the Stanislaus County Superior Court showing that on July 18, 2001, the defendant was convicted of lewd and lascivious acts with a child under fourteen (14) years old, in violation of California Penal Code, Section 288(a).

The four convictions and D.L.'s testimony are admissible under Rule 413 and the three-prong analysis set forth in *Guardia* and its progeny.  First, the Defendant is currently accused of an offense of sexual assault, as defined in Rule 413, against a 13 year old boy and a 16 year old boy.  Second, the four prior convictions and the testimony qualify as prior acts covered by Rule 413 because they involve acts of sexual assault against minors, including oral copulation and sodomy, and the distribution of child pornography, a Chapter 190A offense also covered by Rule 413.  Third, the prior convictions and D.L.'s proposed testimony are relevant because they demonstrate the Defendant's sexual attraction to minor boys and his propensity to engage in sexual acts with minor boys.

7

The four prior convictions and D.L.'s testimony evidence the Defendant's propensity to engage in illicit sexual conduct with minor boys that is identical to that which the Defendant is charged in the instant case. Accordingly, the evidence of the Defendant's prior convictions is probative of the Defendant's guilt and weighs in favor of admissible under Rule 413 and is not outweighed by any risk of unfair prejudice. *See United States v. Larson*, 112 F.3d 600, 604 (2d Cir. 1997) (noting that "'[w]ith respect to the Rule 403 balancing…[legislative] sponsors stated that "[t]he presumption is that the evidence admissible pursuant to these rules is typically relevant and probative, and that its probative value is not outweighed by any risk of prejudice.'") (quoting 140 Cong. Rec. at S12990 (Statement of Sen. Dole); 140 Cong. Rec. at H8992 (Statement of Rep. Molinari (its probative value is "normally" not outweighed)); *See also*, *United States v. Davis*, 624 F.3d 508, 511-12 (2d Cir. 2010) (holding that where defendant was charged with, *inter alia*, possession and attempted distribution of child pornography, the district court properly admitted 1991 state conviction for sodomy by forcible compulsion at trial under Rule 413 to prove the defendant's "propensity and proclivity" at trial); *Batton*, 602 F.3d at 1196-97 (holding that evidence of defendant's prior conviction for oral sex with minor under 14 years old where defendant was charged with transporting minor across state lines with the purpose of engaging in illicit sexual activity with minor; prior conviction relevant because of its similarity to the charged offense). *Benally*, 500 F.3d at 1090 -91 (10th Cir. 2007) (holding district court properly admitted evidence of the defendant's four prior acts of sexual assault against minors pursuant to Rule 413, including one prior act that occurred 40 years before the trial, where defendant was charged with aggravated sexual abuse of one minor under the age of sixteen while in Indian Country, in violation of 18 U.S.C. § 2241(c) and § 1153(a)). *But see United States v. Courtright*, 632 F.3d 363 (7th Cir. 2011) (holding that defendant's prior conviction for sexual

8

assault not admissible under 413, but admission was harmless error in light of other evidence introduced at trial).

Finally, whether the Defendant sexually abused minors D.G.M. and J.R.P. is a material fact at issue in this case. Evidence of the Defendant's illicit sexual conduct with these victims is based largely on the testimony of these two victims. The United States, therefore, anticipates that the victims' credibility will be questioned on cross examination by defense counsel. Because the victims' credibility will be at issue, evidence of the Defendant's prior convictions and D.L.'s testimony will be particularly probative in this case. *See United States v. Batton*, 602 F.3d 1191, 1196 (10th Cir. 2010) ("defendant's prior conduct can be especially probative" in sexual assault cases where victim's credibility is questioned).

The United States will alternatively seek to introduce these prior convictions and D.L.'s testimony pursuant to Rule 404(b) as evidence of motive, intent, knowledge, plan and preparation, and lack of mistake in committing the sexual assaults charged in Counts 1 and 2 of the superseding indictment. *See United States v. Breitweiser*, 357 F.3d 1249, 1253 (11th Cir. 2004). In *Breitweiser* the defendant was charged with abusive sexual contact with a 14-year old girl as a repeat sex offender, in violation of 18 U.S.C. §§ 2244(a)(3) and 2247, and simple assault of a 14-year old girl, in violation of 18 U.S.C. § 113(a)(5). Before trial, the United States filed notice of its intent to introduce evidence of the defendant's prior sexual contact with minors under Rule 413, including "the accusation and judgment of conviction arising from incidents in which Breitweiser fondled two thirteen-year-old girls, and testimony from a store clerk who saw Breitweiser masturbating near a girl several months after the events at issue in this case. *Id.* at 1252. The district court admitted the evidence under Rule 404(b). The Eleventh Circuit affirmed the conviction and held that

> [t]he district court did not err in admitting evidence that Breitweiser previously engaged in sexual conduct with children. The evidence was relevant to show Breitweiser's motive, intent, knowledge, plan and preparation, and lack of mistake when he touched [the victim in the charged offense]. The evidence was substantial, and it was not more prejudicial than it was probative.

*Id.* at 1254.

<div style="margin-left:40%">

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

BY:    *s/Maria K. Medetis*
Maria K. Medetis
Assistant United States Attorney
Court Identification No.: A5501214
99 Northeast 4th Street
Miami, Florida 33132-2111
Tel: (305) 961- 9010
Fax: (305) 530- 7976
Maria.Medetis@usdoj.gov

</div>

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 21, 2012, I caused the attached document to be electronically transmitted to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to counsel of record.

<div style="margin-left:50%">

/s/ *Maria K. Medetis*
Maria K. Medetis

</div>