UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-20482-CR-MOORE/TORRES

UNITED STATES OF AMERICA,

        Plaintiff,

v.

TROY DOUGLAS BRIMM,

        Defendant.
                                           /

**MOTION TO DISMISS INDICTMENT AS UNCONSTITUTIONAL AND
INCORPORATED MEMORANDUM OF LAW IN SUPPORT**

      COMES NOW, the Defendant, TROY DOUGLAS BRIMM, by and through undersigned Counsel, and hereby files this Motion to Dismiss Indictment as Unconstitutional and respectfully requests this Court enter its Order granting the motion. In support thereof it is stated as follows:

### I. THE FACTS

      On June 26, 2012, a three-count Indictment was filed charging Mr. Brimm with two (2) counts of Engaging in Illicit Sexual Conduct in a Foreign Place in violation of 18 U.S.C. §2423(c) and §2426(a) and one (1) count of committing a specified felony as a registered sex offender in violation of 18 U.S.C. §2260A. On August 14, 2012, a Superseding Indictment was filed that made only minor changes to the original Indictment.

      According to the government's evidence, Mr. Brimm flew from the United States to the Dominican Republic aboard JetBlue flight number 815 on October 20, 2009. From that date until his arrest in the Dominican Republic and subsequent travel back to the United States on May 8, 2012, Mr. Brimm never traveled outside the Dominican Republic. From October 20, 2009 until May

8, 2012, Mr. Brimm lived in the Dominican Republic. Indeed, Mr. Brimm twice made arrangements to rent an apartments in the city of Cabarete and found work to support himself while living in the Dominican Republic. Furthermore, there is no evidence that Mr. Brimm intended to commit any crime in the Dominican Republic when he traveled there in October 2009.

In short, Mr. Brimm's only contact with foreign commerce was traveling one-way to the Dominican Republic on October 20, 2009 for the limited purpose of moving to the Dominican Republic to live.

## II. MEMORANDUM OF LAW IN SUPPORT

### A. Introduction

The principle that the Constitution creates a federal government of limited powers, while reserving a generalized police power to the states, is beyond dispute. *United States v. Morrison*, 529 U.S. 598, 607, 619, 120 S. Ct. 1740, 1748, 1754 (2000). *See also Alderman v. United States*, 131 S. Ct. 700, 700 (2011) (Thomas, J., joined by Scalia, J., dissenting from denial of *certiorari*) ("This Court has consistently recognized that the Constitution imposes real limits on federal power.") (citing *Gregory v. Ashcroft*, 501 U.S. 452, 457, 111 S. Ct. 2395 (1991); *Marybury v.Madison*, 1 Cranch 137, 176, 2 L.Ed. 60 (1803)). The regulation of criminal activity has long been reserved as primarily the role of the states. *Morrison*, 529 U.S. at 607, 619, 120 S. Ct. at 1748, 1754. *See also United States v. Lopez,* 514 U.S. 549, 561 n.3, 115 S. Ct. 1624, 1361 n.3 (1995) ("Under our federal system, the "'States possess primary authority for defining and enforcing the criminal law.'") (quotations omitted)). The constitution "withhold[s] from Congress a plenary police power that would authorize enactment of every type of legislation." *Id*. at 566, 115 S. Ct. 1624 (1995). Congress may create criminal offenses against the United States only within the scope of its

enumerated powers. *Screws v. United States*, 325 U.S. 91, 109, 65 S. Ct. 1031, 1039 (1945).

## B. 18 U.S.C. § 2423(c) is an Invalid Exercise of Congressional Authority Under the Foreign Commerce Clause

Congress is authorized under the Constitution "[t]o regulate Commerce with foreign Nations." Art. I, § 8, cl. 3. Although that authority may be broader than Congress's authority to regulate interstate commerce, it is not an authority without boundaries. *See Japan Line, Ltd. v. County of Los Angeles*, 441 U.S. 434, 99 S.Ct. 1813 (1979). In this case Congress is not regulating foreign commerce, but acts that allegedly occurred years after the foreign travel and acts which are entirely unrelated to foreign travel or commerce. Because the statute does not relate to foreign commerce, Congress has exceeded its Constitutional authority and the Superseding Indictment must be dismissed as unconstitutional.

In *United States v. Lopez,* 514 U.S. 549, 561 n.3, 115 S. Ct. 1624, 1361 n.3 (1995), the Court struck down the Gun-Free School Zones Act, formerly codified at 18 U.S.C. § 922(q), as exceeding Congress' power under the Commerce Clause, U.S. CONST. art. I, § 8, cl. 3. The *Lopez* Court identified three broad categories of activities which Congress may regulate pursuant to this power. First, "Congress may regulate the use of the channels of interstate commerce." *Id.* Second, Congress may "regulate and protect the instrumentalities of interstate commerce, or persons and things in interstate commerce." *Id*. Third, Congress may regulate "those activities having a substantial relation to interstate commerce, . . . *i.e.*, those activities that substantially affect interstate commerce." *Id.* at 558-559, 115 S. Ct. at 1629-1630.

Under *Lopez*, it is clear that the conduct alleged here does not fall within regulation authorized by the Congress. First, the alleged conduct here does not implicate the "use of the

channels of commerce." In this case, the crimes with which Mr. Brimm are charged are not tied to foreign travel or foreign commerce. Mr. Brimm did not travel in foreign commerce in order to commit this crime. Mr. Brimm traveled to the Dominican Republic to live. There is no evidence that Mr. Brimm intended to commit a crime when he traveled in foreign commerce. In fact, the alleged criminal conduct in this case took place nearly three years <u>after</u> the foreign travel. Any connection to foreign travel and the alleged conduct in this case is tenuous at best.

Second, the alleged conduct here does not implicate the "instrumentalities of interstate commerce, or persons and things in interstate commerce." Again, this case does not involve a commercial sex act or the transportation of anyone for the purpose of a sex act.

Third, the alleged conduct here does not have "a substantial relation to interstate commerce, . . . *i.e.*, those activities that substantially affect interstate commerce." Mr. Brimm traveled to the Dominican Republic to live in October 2009. Mr. Brimm lived and worked in the Dominican Republic for nearly 3 years before his arrest in this case. Mr. Brimm's only connection to between the Dominican Republic and the United States was his one-way trip to the Dominican Republic in 2009. The isolated and brief act of traveling from the United States to the Dominican Republic, without more, is insufficient to implicate the Foreign Commerce Clause.

Thus, because Congress is not regulating foreign commerce, but rather acts that allegedly occurred years after the foreign travel and acts which are entirely unrelated to foreign travel or commerce, Congress has exceeded its Constitutional authority and the Superseding Indictment must be dismissed.

WHEREFORE, the Defendant, Mr. Brimm, respectfully requests this Court enter its Order granting the motion and dismissing the Indictment as unconstitutional.

Respectfully submitted,

MICHAEL CARUSO
FEDERAL PUBLIC DEFENDER

By: *s/ Joaquin Padilla*
Joaquin Padilla
Assistant Federal Public Defender
Florida Bar No. 484636
150 West Flagler Street, Suite 1500
Miami, Florida 33130
Tel: 305-530-7000 / Fax: 305-536-4559
E-Mail: joaquin_padilla@fd.org

**CERTIFICATE OF SERVICE**

  I HEREBY certify that on August 22, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                *s/ Joaquin Padilla*
                 Joaquin Padilla