**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.  12-20482-CR-KMM(s)**

**UNITED STATES OF AMERICA**

**v.**

**TROY DOUGLAS BRIMM,**

        **Defendant.**
_____/

## UNITED STATES' PROPOSED JURY INSTRUCTIONS

The United States of America respectfully requests that the following jury instructions be given at trial in the above-entitled action pursuant to Rule 30 of the Federal Rules of Criminal Procedure.  The United States also respectfully requests that the parties be allowed to propose such additional instructions as may become appropriate based upon the testimony and evidence at trial, and that the parties be informed prior to closing arguments which instructions the Court will give to the jury.

Respectfully submitted,
WIFREDO A. FERRER
UNITED STATES ATTORNEY

By: */s/Maria K. Medetis*
    Maria K. Medetis
    Assistant United States Attorney
    Court Number:  A5501214
    99 Northeast 4th Street
    Miami, Florida 33132-2111
    Tel: (305) 961-9010
    Fax: (305) 536-4676
    E-mail:  Maria.Medetis@usdoj.gov

## <u>CERTIFIFATE OF SERVICE</u>

I HEREBY CERTIFY that on August 23, 2012, I electronically filed the foregoing document with the Clerk of Court using CM/ECF and thereby served all counsel of record.

*/s/Maria K. Medetis*
Maria K. Medetis
Assistant United States Attorney

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.  12-20482-CR-KMM(s)**

**UNITED STATES OF AMERICA**

**v.**

**TROY DOUGLAS BRIMM,**

   **Defendant.**
_____/

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:[1]

It's my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions you will go to the jury room and begin your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

---

[1]  Eleventh Circuit Pattern Jury Instructions, Basic Instruction No. 1 (2010).

PROPOSED INSTRUCTION NO. 1[2]

**The Duty to Follow Instructions
And the Presumption of Innocence**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The superseding indictment or formal charge against a defendant isn't evidence of guilt. The law presumes every defendant is innocent. The Defendant does not have to prove [his] [her] innocence or produce any evidence at all. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

---

[2]    Eleventh Circuit Pattern Jury Instructions, Basic Instruction No. 2.1 (2010).

PROPOSED INSTRUCTION NO. 2[3]

**The Duty to Follow Instructions and the Presumption**
**Of Innocence When a Defendant Does Not Testify**

Your decision must be based only on the evidence presented during the trial. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a Defendant isn't evidence of guilt. The law presumes every Defendant is innocent. The Defendant does not have to prove [his] [her] innocence or produce any evidence at all. A Defendant does not have to testify, and if the Defendant chose not to testify, you cannot consider that in any way while making your decision. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

---

[3]     Eleventh Circuit Pattern Jury Instructions, Basic Instruction No. 2.2 (2010).

PROPOSED INSTRUCTION NO. 3[4]

**Definition of "Reasonable Doubt"**

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all possible doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

---

[4]       Eleventh Circuit Pattern Jury Instructions, Basic Instruction No. 3 (2010).

PROPOSED INSTRUCTION NO. 4[5]

**Consideration of Direct and Circumstantial Evidence;**
**Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

---

[5]    Eleventh Circuit Pattern Jury Instructions, Basic Instruction No. 4 (2010).

5

PROPOSED INSTRUCTION NO. 5[6]

**Credibility of a Witness**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

---

[6]     Eleventh Circuit Pattern Jury Instructions, Basic Instruction No. 5 (2010).

PROPOSED INSTRUCTION NO. 6[7]

**Impeachment of Witnesses Because of Inconsistent Statements**
(***Defendant with Felony Conviction Testifies***)

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

*If the Defendant chooses to testify, the United States respectfully requests that the following underlined text be included in the Court's instruction.*

*If Defendant's prior convictions are admitted pursuant to Fed. R. Evid. 413 and/or 404(b), the last sentence of the underlined instructions (in brackets) should be deleted.*

---

[7]    Eleventh Circuit Pattern Jury Instructions, Basic Instruction No. 6.4 (modified) (2010).

A defendant has a right not to testify. But since the Defendant did testify, you should decide whether you believe the Defendant's testimony in the same way as that of any other witness.

Evidence that a defendant was previously convicted of a crime is not evidence of guilt of the crime(s) in this trial.  [But you may use the evidence to decide whether you believe the Defendant's testimony.]

PROPOSED INSTRUCTION NO. 7[8]

**Introduction to Offense Conduct**

The superseding indictment charges the Defendant Troy Douglas Brimm with three separate crimes, called "counts." Each count has a number. You'll be given a copy of the indictment to refer to during your deliberations.

Count 1 charges the Defendant, a United States citizen, with traveling in foreign commerce, from the United States to the Dominican Republic, and engaging in illicit sexual conduct with Minor D.G.M.

Count 2 charges the Defendant, a United States citizen, with traveling in foreign commerce, from the United States to the Dominican Republic, and engaging in illicit sexual conduct with Minor J.R.P.

Count 3 charges the Defendant with committing a felony offense involving a minor, as charged in Counts 1 and 2, while being required to register as a sex offender.

---

[8]   Eleventh Circuit Pattern Jury Instructions, Basic Instruction No. 8 (2010).

PROPOSED INSTRUCTION NO. 8[9]

**COUNT 1 and COUNT 2**

**Engaging in Illicit Sexual Conduct in Foreign Place
18 U.S.C. § 2423(c)**

As I just explained, Counts 1 and 2 of the superseding indictment charge the Defendant with traveling in foreign commerce and engaging in illicit sexual conduct with minors D.G.M. and J.R.P.

It is a Federal crime for a United States citizen to travel in foreign commerce and engage in any illicit sexual conduct with another person.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1)     the Defendant is a United States citizen;

(2)     the Defendant traveled in foreign commerce;

and

(3)     while the Defendant was in the foreign place, he engaged in illicit sexual conduct with another person, that is, D.G.M. (as to Count 1) and/or J.R.P. (as to Count 2).

To "travel in foreign commerce" means that the defendant moved from a place within the United States to a place outside the United States.

---

[9]     Eleventh Circuit Pattern Jury Instructions, Offense Instruction No. 93.3 (2010).

For purposes of this offense, the term "illicit sexual conduct" means a "sexual act" with a person who is under 16 years of age and is at least four years younger than the defendant.   The term "illicit sexual conduct" also means a "commercial sex act" with a person under 18 years of age.

The term "sexual act" means:

- contact between the penis and the vulva, or the penis and the anus, involving penetration however slight; or

- contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus;

- the penetration – however slight – of another person's anal or genital opening by a hand, finger, or any object, with an intent to abuse, humiliate, harass, or degrade the person, or to arouse or gratify the sexual desire of the Defendant or any other person; or

- an intentional touching—not through the clothing—of the genitalia of a person younger than 16 years old, with the intent to abuse humiliate, harass, or degrade the person, or arouse or gratify the sexual desire of the Defendant or any other person.

"Commercial sex act" means any sex act, for which anything of value is given to or received by any person.

11

It is *not* necessary for the Government to prove that the illicit sexual conduct violated the laws of the foreign country where it occurred or that the Defendant intended to engage in the illicit sexual conduct at the time he departed the United States.

PROPOSED INSTRUCTION NO. 9[10]

**COUNT 3**
**Commission of a Felony Offense Involving a Minor**
**While Being Required to Register as a Sex Offender**
**18 U.S.C. § 2260A**

Count 3 of the Superseding Indictment charges the Defendant with committing an enumerated felony offense involving a minor while being required to register as a sex offender under Federal or other law.

A Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1)   the Defendant committed a felony offense involving a minor;

and

(2)   at the time the Defendant committed the felony offense involving a minor, the Defendant was required by Federal or other law to register as a sex offender.

You are instructed that a violation of Title 18, United States Code, Section 2423(c), as charged in Counts 1 and 2 of the Superseding Indictment, is an enumerated felony violation involving a minor.

A minor means any person under the age of eighteen years.[11]

---

[10]   *See United States v. Carver*, 422 Fed. Appx. 796, 2011 WL 1304757 (11th Cir. April 6, 2011) (modified)
[11]   *See* 18 U.S.C. § 2256.

13

You are also instructed that federal law requires a person to register as a sex offender if the person is convicted of a "sex offense."

A violation of Title 18, United States Code, Section 2252(a)(2), that is receiving or distributing material involving the sexual exploitation of minors, is a "sex offense. If a person is convicted of that offense, the person is required to register as a sex offender under federal law.

You are further instructed that California law requires a person to register as a sex offender for the rest of his/her, if the person is convicted of any of the following offenses as defined in the California Penal Code:

- participating in an act of sodomy with another person who is under 18 years of age, in violation of California Penal Code Section 286(b)(1).

- committing a lewd and lascivious act upon or with the body, or any part or member thereof, of a child who is under the age of 14, in violation of California Penal Code Section 288(a).

- participating in an act of oral computation with another person who is under 18 years of age, California Penal Code Section 288a(b)(1).

14

PROPOSED INSTRUCTION NO. 10[12]

**On Or About a Particular Date, Knowingly**

You'll see that the Superseding indictment charges that a crime was committed "on or about" a certain date. The Government doesn't have to prove that the offense occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

---

[12]   Eleventh Circuit Pattern Jury Instructions, Basic Instruction No. 9.2 (2010).

PROPOSED INSTRUCTION NO. 11[13]

**Caution:  Punishment**
**(Single Defendant, Multiple Counts)**

Each count of the superseding indictment charges a separate crime.  You must consider each crime and the evidence relating to it separately.  If you find the Defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime.

I caution you that the Defendant is on trial *only* for the specific crimes charged in the superseding indictment.  You're here to determine from the evidence in this case whether the Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether the Defendant is guilty.  If you find the Defendant is guilty, the punishment is for the Judge alone to decide later.

---

[13]     Eleventh Circuit Pattern Jury Instructions, Basic Instruction No. 10.2 (2010).

16

PROPOSED INSTRUCTION NO. 12[14]

**Duty to Deliberate**

Your verdict, whether guilty or not guilty, must be unanimous—in other words, you must all agree.  Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, your judges—judges of the facts.  You only interest is to seek the truth from the evidence in the case.

---

[14]     Eleventh Circuit Pattern Jury Instructions, Basic Instruction No. 11 (2010).

PROPOSED INSTRUCTION NO. 13[15]

**Verdict**

When you get to the jury room, choose one of your members to act as foreperson.  The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it.  Then you'll return it to the courtroom.

If you wish to communicate with me at any time please write down your message your question and give it to the marshal. The marshal will bring it to me and I'll respond as promptly as possible—either in writing or by talking to you in the courtroom.  But I caution you not to tell me now many jurors have noted one way or the other at that time.

---

[15]     Eleventh Circuit Pattern Jury Instructions, Basic Instruction No. 12 (2010).

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.  12-20482-CR-KMM(s)**

**UNITED STATES OF AMERICA**

**v.**

**TROY DOUGLAS BRIMM,**

         **Defendant.**
_____/

## **VERDICT**

We the Jury in the above-captioned case, unanimously find as follows:

As to Count 1 of the Superseding Indictment, we find the defendant TROY

DOUGLAS BRIMM,

GUILTY               _____

NOT GUILTY        _____

As to Count 2 of the Superseding Indictment, we find the defendant TROY

DOUGLAS BRIMM,

GUILTY               _____

NOT GUILTY        _____

As to <u>Count 3</u> of the Superseding Indictment, we find the defendant TROY

DOUGLAS BRIMM,

GUILTY                          \_\_\_\_\_

NOT GUILTY                \_\_\_\_\_


SO SAY WE ALL

Dated: _____


_____

FOREPERSON OF THE JURY