UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-20482-CR-MOORE/TORRES

UNITED STATES OF AMERICA,

       Plaintiff,

v.

TROY DOUGLAS BRIMM,

       Defendant.
_____/

**DEFENDANT TROY BRIMM'S MOTION *IN LIMINE* TO EXCLUDE GOVERNMENT'S ANTICIPATED EVIDENCE TO BE OFFERED**

The Defendant, TROY DOUGLAS BRIMM, by and through undersigned counsel, submits the following Motion *In Limine* to exclude the evidence to be offered under Rules 404(b) and 413, Federal Rules of Evidence, and asserts as follows:

The government seeks to introduce evidence of four prior convictions (1991, 1997, 1998, and 2001) and testimonial evidence from the victim in the 1998 case. This evidence should be excluded pursuant to Rules 401, 403, and 413 Federal Rules of Evidence, as the evidence is not relevant, its probative value is substantially outweighed by the danger of unfair prejudice, its potential to confuse the issues at trial, and its potential to mislead the jury.

The leading case in this circuit on Rule 404(b) evidence is *United States v. Beechum,* 582 F.2d 898 (5th Cir.1978), *cert. denied,* 440 U.S. 920, 99 S.Ct. 1244 (1979). The *Beechum* analysis has now been confirmed by the Supreme Court in *Huddleston v. United States,* 485 U.S. 681, 108 S.Ct. 1496 (1988). A three-part test has evolved for evaluating the admissibility of Rule 404(b) evidence. First, the evidence must be relevant to an issue other than the defendant's character.


Second, as part of the relevance analysis, there must be sufficient proof so that a jury could find that the defendant committed the extrinsic act. *Huddleston,* 485 U.S. at 689, 108 S.Ct. at 1501, citing *Beechum,* 582 F.2d at 912-13. Third, the evidence must possess probative value that is not substantially outweighed by its undue prejudice, and the evidence must meet the other requirements of Rule 403.

The evidence the government seeks to introduce in its notice is only being offered to establish Mr. Brimm's bad character and his propensity to commit crimes. First, the most recent conviction is over ten years old and the 1991 case is over 20 years old. Because the convictions are so old, they offer no value other than to show Mr. Brimm's bad character.

Second, not only are the conviction not relevant because of their age, but they are not relevant under Rule 401 because they do not have "any tendency to make a fact more or less probable than it would be without the evidence."

Third, in 1997 Mr. Brimm was convicted of receipt and distribution of child pornography. The child pornography case no has relationship to the acts charged in this case. This evidence is not relevant and offers no probative value in this case.

Fourth, because the government seeks to introduce four convictions (three of which allege molestation) there is a serious danger that the cumulative effect of the evidence will only serve to establish that Mr. Brimm is a criminal with a propensity for criminal activity and thus improperly sway the jury into a guilty verdict here.

Fifth, the evidence is unnecessary for the Government to prove its case. The Eleventh Circuit Court of Appeals has repeatedly stated that prior crime evidence has a significant potential for prejudicial effect and should only be admitted when truly necessary. *United States v. Hernandez*,

896 F.2d 513 (11th Cir. 1990) ("if the government has a strong case on intent without the extrinsic offense, or if the intent is not contested, then the prejudice to the defense will outweigh the marginal value of the extrinsic evidence and it will be excluded."), *United States v. Pollock*, 926 F.2d 1044 (11th Cir. 1991) ("if the government can do without such evidence [of an extrinsic offense], fairness dictates that it should.") Here, the Government's case is strong and there is no need to introduce this evidence in order to obtain a conviction.

Sixth, this evidence will likely become a feature in the trial causing confusion of the issues. Although the introduction of the evidence will only require several witnesses, the addition of this evidence will unnecessarily overshadow the evidence in this case and unduly confuse the jury or lead the jury to make an emotional or irrational decision. The proposed testimony of the victim from the 1998 case is especially prejudicial. This evidence in particular will only serve to inflame the emotions of the jury and invite the jury to make a decision based on considerations not related to this case.

Last, the 1997 pornography and the 1998 oral copulation convictions do not qualify as crimes of "sexual assault" as defined in Rule 413(d)(1) and, thus, cannot be admitted under Rule 413.

WHEREFORE, the Defendant, Troy Brimm, respectfully requests this Court enter its Order granting the motion.

                              Respectfully submitted,

                              MICHAEL CARUSO
                              FEDERAL PUBLIC DEFENDER

By:   *s/ Joaquin Padilla*
       Joaquin Padilla
       Assistant Federal Public Defender
       Florida Bar No.  484636
       150 West Flagler Street, Suite 1500
       Miami, Florida 33130
       Tel:  305-530-7000 / Fax:  305-536-4559
       E-Mail: joaquin_padilla@fd.org

## CERTIFICATE OF SERVICE

I HEREBY certify that on August 24, 2012, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                              *s/ Joaquin Padilla*
                              Joaquin Padilla