IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 12-CR-20482-KMM

UNITED STATES OF AMERICA,

vs.

TROY DOUGLAS BRIMM,

    Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss (ECF No. 30). The Government filed a Response to the Motion (ECF No. 35). UPON CONSIDERATION of the Motion, the Response, the pertinent portions of the record, and being fully advised in the premises, this Court enters the following Order.

On August 14, 2012, a Superseding Indictment (ECF No. 22) was filed charging Defendant with two counts of Engaging in Illicit Sexual Conduct in a Foreign Place in violation of 18 U.S.C. § 2423(c) and § 2426(a), and one count of committing a specified felony as a registered sex offender in violation of 18 U.S.C. § 2260A.

Defendant's Motion seeks to dismiss the Superseding Indictment because Defendant alleges that 18 U.S.C. § 2423(c) is unconstitutional (1) under the Foreign Commerce Clause; and (2) as applied to him. Both arguments are without merit.

First, Defendant claims that § 2423(c) is unconstitutional because Congress exceeded its authority under the Foreign Commerce Clause in the statute's enactment. However, Defendant cites to no authority to negate the fact that the constitutionality of § 2423(c) has been upheld. See United States v. Pendleton, 658 F.3d 299, 311 (3d Cir. 2011) (holding that § 2423(c) was a

1

valid exercise of Congress's power to regulate the channels of foreign commerce); see also United States v. Strevall, 185 Fed. App'x 841, 846 (11th Cir. 2006) (finding that the district court had subject matter jurisdiction to convict a defendant under § 2423(c) which applies to the conduct of American citizens abroad); United States v. Frank, 486 F. Supp. 2d. 1353, 1355 (S.D. Fla. 2007) (holding that "Congress had the authority to enact § 2423(c) under the Necessary and Proper Clause to implement a treaty which the Senate ratified"). This Court agrees that in enacting § 2423(c), "Congress did not exceed its power 'to regulate Commerce with foreign Nations,' U.S. Const. art. I, § 8, cl. 3, in criminalizing commercial sex acts with minors committed by U.S. citizens abroad." United States v. Clark, 435 F.3d 1100, 1117 (9th Cir. 2006). Therefore, this Court rejects Defendant's challenge to the constitutionality of § 2423(c) under the Foreign Commerce Clause.

Second, Defendant claims that § 2423(c) is unconstitutional as applied to him. This argument is equally unavailing because in ruling on a motion to dismiss in a criminal matter, a district court cannot consider contested facts and is "limited to the allegations in the indictment." Frank, 486 F. Supp. 2d. at 1355 (citing United States v. Sharpe, 438 F.3d 1257, 1263 (11th Cir. 2006)); see also United States v. Brantley, 461 Fed. App'x 849, 851 (11th Cir. 2012) (stating that "the Federal Rules of Criminal Procedure do not 'provide for a pre-trial determination of sufficiency of the evidence'" (quoting United States v. Critzer, 951 F.2d 306, 307 (11th 1992))). Based on this Court's determination that § 2423(c) is constitutional, Defendant's "as applied" challenge fails because the statute applies to the alleged conduct—traveling from the United States to the Dominican Republic and engaging in illicit sexual conduct with minors—contained in the Superseding Indictment. See United States v. Shutts, No. 07-CR-20816, 2008 WL 162662, at *9 (S.D. Fla. Jan 16, 2008) (upholding the constitutionality of 18 U.S.C. § 2423 and

"stating that [d]efendant cannot show that the statute is unconstitutional as applied to him because the statute clearly applies to the alleged conduct and that conduct is well within the power of the Congress to regulate channels of commerce"). Therefore, this Court rejects Defendant's "as applied" challenge to the constitutionality of § 2423(c).

For the foregoing reasons, it is

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss (ECF No. 30) is DENIED.

DONE AND ORDERED in Chambers, at Miami, Florida this 24th day of August, 2012.

_____
K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:    All counsel of record

3