UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-CR-20482-MOORE(s)

UNITED STATES OF AMERICA

v.

TROU DOUGLAS BRIMM,

        Defendant.
_____/

### UNITED STATES' RESPONSE OPPOSING DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE

The United States of America, by and through the undersigned Assistant United States Attorney, hereby files this response opposing defendant Troy Douglas Brimm's Motion *In Limine* to Exclude Government's Anticipated Evidence to be Offered [D.E. 39]. In his motion the defendant seeks to exclude the evidence of the his prior convictions from 1991, 1997, 1998 and 2001, as well as the testimony of witness D.L.

The United States no longer seeks to introduce evidence of the 1998 prior conviction. However, for the reasons explained here, the defendant's Motion should be denied as to the other convictions and D.L.'s testimony. That evidence is properly admissible under Federal Rules of Evidence 413, 414 and/or 404(b).

## I. SUMMARY OF THE UNITED STATES' 413/414 EVIDENCE[1]

### A. Defendant's Other Acts of Sexual Assault Admissible Under Rule 413

The United States seeks to introduce the following evidence pursuant to Federal Rule of Evidence 413: the defendant's prior conviction in October 1991, for sodomy with a person under 18 years, in violation California Penal Code § 286(b)(1); the defendant's prior conviction in July 2001, for lewd and lascivious acts with a child under fourteen (14) years old, in violation of California Penal Code §288(a); and the testimony of D.L., who was sexually abused by the defendant when he was approximately 16 or 17 years old.

As summarized in the United States' Notice [DE. 26], D.L. would testify that he and the Defendant met in Modesto, California in or around 1993, when D.L. was 16 years, and about to turn 17 years old. At that time, D.L. was homeless. When they met, the Defendant told D.L. that D.L. looked young for his age. D.L. will further testify that the Defendant let D.L. live with the Defendant and/or in the Defendant's apartment for about four years, and that during this time the Defendant paid for all of D.L.'s necessities and expenses like food, clothing, and gasoline. D.L. will also testify that he and the Defendant had a sexual relationship that included oral sex and sodomy, and that the Defendant would have D.L. shave his entire body so that D.L. would look younger.

D.L. will testify that during their relationship the Defendant discussed his (the Defendant's) sexual attraction to minor boys, and told D.L. that he (the Defendant) preferred to have sex with boys between the ages of 12 and 14 years old, and that he (the Defendant) didn't think having sex with children should be illegal.

---

[1] The defendant's motion correctly points out that the 1997 conviction for the receipt and distribution of material involving the sexual exploitation of minors, in violation of Title 18, United States Code, Section 2252(a)(2), is not a Chapter 109A offense, and therefore is not admissible under Rule 413. The United States incorrectly described Section 2252 as a Chapter 109A offense in its Notice. Section 2252 is a Chapter 110 offense. Therefore, it is admissible as a prior act of child molestation under Rule 414.

2

### B. Defendant's Other Acts of Child Molestation Admissible Under Rule 414

The United States seeks to introduce the following evidence pursuant to Federal Rule of Evidence 414: the defendant's prior conviction in January 1997, for receipt and distribution of material involving the sexual exploitation of minors, in violation of Title 18, United States Code, Section 2252(a)(2).

## II. LEGAL STANDARD AND ANALYSIS

"Both Rule 413 and Rule 414 serve the same purpose—to provide *exceptions* to Rule 404(a)'s prohibition on the admission of propensity evidence." *United States v. Batton*, 602 F.3d 1191, 1198 (2010) (emphasis added). "Congress enacted these rules because these types of cases [referring to cases involving sexual abuse victims] often raise questions regarding the victim's credibility and a defendant's prior conduct can be especially probative. Additionally, the rules are "based on the premise that evidence of other sexual assaults is highly relevant to *prove propensity* to commit like crimes." *Id.*, 602 F.3d at 1196 (emphasis added).

Rule 413 provides that [i]n a criminal case in which a defendant is accused of a sexual assault, the court may admit evidence that the defendant committed any other sexual assault. The evidence may be considered on any matter to which it is relevant." Fed. R. Evid. 413(a).

Rule 413 defines "sexual assault" as

> (1) any conduct prohibited by 18 U.S.C. chapter 109A; (2) contact, without consent, between any part of the defendant's body--or an object--and another person's genitals or anus; (3) contact, without consent, between the defendant's genitals or anus and any part of another person's body; (4) deriving sexual pleasure or gratification from inflicting death, bodily injury, or physical pain on another person; or (5) an attempt or conspiracy to engage in conduct described in subparagraphs (1)-(4).

*Id.* at 413(d).

Whereas "Rule 413 permits the introduction of prior offenses of sexual assault, Rule 414 similarly allows the admission of evidence of prior offenses in child molestation cases." *Id.* at 1196. Rule 414 states that "[i]n a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant."

Rule 414 defines "child" as "a person below the age of 14." Fed. R. Evid. 414(d)(1). "Child molestation" is defined as

> a crime under federal law or under state law (as "state" is defined in 18 U.S.C. § 513) involving: (A) any conduct prohibited by 18 U.S.C. chapter 109A and committed with a child; (B) any conduct prohibited by 18 U.S.C. chapter 110; (C) contact between any part of the defendant's body--or an object--and a child's genitals or anus;

*Id.* at Rule 414(d)(2).

In *United States v. Guardia*, 135 F.3d 1326 (10th Cir.1998), the Tenth Circuit "established a three-prong inquiry for determining the admissibility of sexual assault evidence under Fed. R. Evid. 413(a)." *United States v. McHorse*, 173 F.3d 889, 897 (10th Cir. 1999). Courts apply the same test to Rule 414 evidence because the language of Rules 413 and 414 is identical and both rules serve the identical function of allowing the introduction of propensity evidence in cases where a defendant is charged with crimes involving sexual assault and child molestation. *See Benally*, 500 F.3d 1085 (10th Cir. 2007) (applying *Guardia* three part analysis to Rule 413 and 414 evidence); *McHorse*, 173 F.3d at 898 (same); *United States v. Meacham*, 15 F.3d 1488 (10th Cir. 1997) (same).

To determine the admissibility of sexual assault and child molestation evidence under Rules 413 and 414, the district "must first determine that the defendant is accused of an offense of sexual assault." *See Guardia*, 135 F.3d at 1328. Second, the court must find that the evidence

proffered is "evidence of the defendant's commission of another offense of ... sexual assault." *Id.* Third, the court must determine if the proffered evidence is relevant under Rule 401. *Id.* "Even where evidence is determined to be relevant, however, the admissibility of Rule 413/414 evidence is subject to the Rule 403 balancing test, which permits the exclusion of relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice." *Benally*, 500 F.3d at 1090-91 (holding that "Rule 413/414 evidence is subject to the Rule 403 balancing test which permits the exclusion of relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice.") (internal citations and quotation marks omitted).

> To assist district courts with the probativeness analysis the Tenth Circuit explained that
>
> in cases where the government seeks to introduce Rule 413 evidence, the district court must make a preliminary finding that a jury could reasonably find that the 'other act' occurred by a preponderance of the evidence. The district court should then consider: 1) how clearly the prior act has been proved; 2) how probative the evidence is of the material fact it is admitted to prove; 3) how seriously disputed the material fact is; and 4) whether the government can avail itself of any less prejudicial evidence. When analyzing the probative dangers, a court considers: 1) how likely it is such evidence will contribute to an improperly-based jury verdict; 2) the extent to which such evidence will distract the jury from the central issues of the trial; and 3) how time consuming it will be to prove the prior conduct.
>
> To further assist district courts in analyzing probativeness under the second *Enjady* factor, the *Guardia* court enumerated considerations which may influence the court's analysis, including (1) the similarity of the prior acts and the charged acts, (2) the time lapse between the other acts and the charged acts, (3) the frequency of the prior acts, (4) the occurrence of intervening events, and (5) the need for evidence beyond the defendant's and alleged victim's testimony.

*Benally*, 500 F.3d at 1090-91 (quoting *United States v. Enjady*, 134 F.3d 1427, 1433 (10th Cir. 1998) and *Guardia*, 135 F.3d at 1331).

Applying the *Guardia* three-prong test and the *Enjady* factors to the evidence of the defendant's three prior convictions and D.L.'s testimony, it is clear that this evidence is properly admissible under Rules 413 and 414.

**A. The Other Acts Involve Sexual Assault and Child Molestation (*Guardia* Prong 1)**

The defendant's prior convictions and D.L.'s testimony are evidence of sexual assault and/or child molestation, and therefore, satisfy the first prong of the *Guardia* test. In 1991 the defendant was convicted of sodomy with a person under 18 years, in violation California Penal Code § 286(b)(1). In that case, the defendant pled guilty to engaging in sodomy with minor M.B. beginning when M.B. was approximately 13 years old. The defendant sodomized M.B. and M.B. sodomized the defendant. Accordingly, the conviction involves a prior act of sexual assault as defined in Rule 413(d)(2) and (d)(3).

In January 1997 the defendant pled guilty to receipt and distribution of material involving the sexual exploitation of minors, in violation of Title 18, United States Code, Section 2252(a)(2), Chapter 110. This prior conviction qualifies as an act of child molestation under Rule 414(d)(B).

In 2001 the defendant was convicted of engaging in lewd and lascivious acts with a child under fourteen (14) years old, in violation of California Penal Code §288(a).[2] In that case, the defendant attempted to sodomize a minor boy that was approximately 12 years old. The defendant threw the minor to the ground, pulled down the minor's pants and attempted to insert his penis into the minor's anus. This conviction, therefore, involves acts of sexual assault under Rule 413(d)(2) and (d)(3). Because the offense involved a child under 14 years old, the prior

---

[2] Section 288(a) provides that "any person who willfully and lewdly commits any lewd or lascivious act, including any of the acts constituting other crimes provided for in Part 1, upon or with the body, or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child, is guilty of a felony and shall be punished by imprisonment in the state prison for three, six, or eight years." See Cal. Penal Code Section 288(a).

conviction also constitutes an act of child molestation under Rule 414(d)(1), (d)(2)(C) and (d)(2)(D).

Finally, D.L.'s testimony likewise involves acts of sexual assault under Rule 413(d)(2) and (d)(3). Specifically, D.L. will testify that the defendant performed oral sex on D.L., that the defendant sodomized D.L. and that D.L also sodomized the defendant. D.L. will also testify that the defendant explained his sexual desire for minor boys, and that he preferred boys who were under 15 or 16 years old.

### B. The Defendant is Accused of Sexual Assault and Child Molestation (*Guardia* Prong 2)

The second prong of *Guardia* is also satisfied. The defendant is currently accused of sexual assault and child molestation, as those terms are defined in Rules 413 and 414. Specifically, the defendant is charged here with violations of 18 U.S.C. § 2423(c), that is traveling in foreign commerce and engaging in illicit sexual conduct with 13-year old minor D.G.M. (Count 1) and 16-year old minor J.R.P. (Count 2). D.G.M. will testify that the defendant performed oral sex on D.G.M. Similarly, J.R.P. will testify that the defendant performed oral sex on J.R.P. J.R.P. will also testify that the defendant inserted his finger into J.R.P.'s anus. Because the instant case involves contact between the defendant's mouth and/or hands and the minors' genitals and/or anus, the defendant's charged conduct constitutes sexual assault under Rule 413. *See* Fed. R. Evid. 413 (d)(2). Additionally, because D.G.M is under 14 years old, the conduct charged in Count1 also qualifies as an act of child molestation as defined in Rule 414. Rule 414(d)(2) and (d)(2)(C).

### C. Evidence of the Defendant's Prior Convictions and D.L.'s Testimony Are Relevant (*Guardia* Prong 3)

As to the third *Guardia* prong, Rules 413 and 414 are "based on the premise that evidence of other sexual assaults is highly relevant to prove *propensity* to commit like crimes." *Batton*, 602 F.3d at 1196 (10th Cir. 2010) (emphasis added). In this case, the United States intends to rely on the prior convictions and D.L.'s testimony to prove that the defendant has been engaging in a pattern of conduct identical to that which is charged in the superseding indictment for the last 20 years. Put simply, the United States seeks to show the defendant's propensity to engage in sexual acts with minor boys as charged in the superseding indictment. Rules 413 and 414 are designed to allow the government to introduce evidence precisely for this reason.

### D. Defendant's Prior Convictions and D.L.'s Testimony Are Admissible Under 403.

The probative value of the other acts evidence at issue is not substantially outweighed by the danger of unfair prejudice to the defendant for several reasons. First, the evidence sought to be introduced is limited in scope. Specifically, the United States will prove the prior convictions via certified judgments from the respective jurisdictions where the convictions occurred. Because the United States will also be seeking to introduce these convictions to prove Count 3 of the Superseding Indictment, the United States would not need to call additional witnesses to introduce these convictions. Moreover, the United States will prove the sexual assault of D.L. via the testimony of one witness – D.L. The presentation of the other acts evidence will be brief, and will not distract the jury from the central issues of the trial. *See Benally*, 500 F.3d at 1090-91. Accordingly, the defendant's contention that this evidence "will become a feature in this trial causing confusion of the issues," *see* Defendant's Motion *In Limine* at 3, is unavailing.

Equally unavailing is the defendant's argument that this evidence "will unnecessarily overshadow the evidence in this case and unduly confuse the jury or lead the jury to make an

emotional or irrational decision." The United States' presentation of this evidence will be brief. The jury will be able to distinguish between the evidence relating to the charged offense and the evidence related to the other acts of sexually abuse. Moreover, any risk that the jury will make an emotion decision is cured by the court's instruction that the jury's decision must not be influenced by the jury's "sympathy for or prejudice against the Defendant or the Government." *See* Eleventh Cir. Pattern Jury Instruction, Basic Instruction 2.1 (2010). Similarly, to assure a proper verdict, the court can provide a limiting instruction on how the jury may consider the other acts evidence,.

Second, the prior convictions and D.L.'s testimony are highly probative of the defendant's propensity to sexually abuse minor boys. The other acts the United Sates seeks to introduce involve acts that are *identical* to the acts charged in the superseding indictment – that is, the defendant performing oral sex on minor boys. Accordingly, the evidence of the Defendant's prior convictions and D.L.'s testimony is probative of the defendant's guilt and weighs in favor of admissible under Rule 413 and 414, and is not outweighed by any risk of unfair prejudice. Indeed, "Congress enacted these rules because these types of cases [referring to cases involving sexual abuse victims] often raise questions regarding the victim's credibility and a defendant's prior conduct can be especially probative." *Batton*, 602 F.3d at 1196 (emphasis added).[3]

---

[3] See also *United States v. Larson*, 112 F.3d 600, 604 (2d Cir. 1997) (noting that "'[w]ith respect to the Rule 403 balancing…[legislative] sponsors stated that "[t]he presumption is that the evidence admissible pursuant to these rules is typically relevant and probative, and that its probative value is not outweighed by any risk of prejudice.'") (quoting 140 Cong. Rec. at S12990 (Statement of Sen. Dole); 140 Cong. Rec. at H8992 (Statement of Rep. Molinari (its probative value is "normally" not outweighed)); *United States v. Davis*, 624 F.3d 508, 511-12 (2d Cir. 2010) (holding that where defendant was charged with, inter alia, possession and attempted distribution of child pornography, the district court properly admitted 1991 state conviction for sodomy by forcible compulsion at trial under Rule 413 to prove the defendant's "propensity and proclivity" at trial); *Batton*, 602 F.3d at 1196-97 (holding that evidence of defendant's prior conviction for oral sex with minor under 14 years old where defendant was charged with transporting minor across state lines with the purpose of engaging in illicit sexual activity with minor; prior conviction relevant because of its similarity to the charged offense). *Benally*, 500 F.3d at 1090 -91 (10th Cir.

Third, whether the Defendant sexually abused minors D.G.M. and J.R.P. is a material fact at issue in this case. Evidence of the Defendant's illicit sexual conduct with these victims is based largely on the testimony of these two victims. The United States, therefore, anticipates that the victims' credibility will be questioned on cross examination by defense counsel. Because the victims' credibility will be at issue, evidence of the Defendant's prior convictions and D.L.'s testimony will be particularly probative in this case. *See United States v. Batton*, 602 F.3d 1191, 1196 (10th Cir. 2010) ("defendant's prior conduct can be especially probative" in sexual assault cases where victim's credibility is questioned).

Finally, regarding the defendant's argument that the prior convictions and D.L.'s testimony should be excluded because they are too old, the defendant offers no legal authority in support of this argument. To the contrary there are no explicit temporal limits on evidence introduced under Rules 413 and 414. *See e.g., Benally*, 500 F.3d at 1090 -91 (affirming district court's admission of 40-year old prior act of sexual assault); *United States v. Larson*, 112 F.3d 600, 604 (2d Cir. 1997) (affirming district court's admission of prior acts that occurred 16 to 20 years before trial); *United States v. Hadley*, 918 F.2d 848, 851 (9th Cir.1990) (affirming admission of evidence of other acts of child molestation that occurred 11 to 16 years before trial), *cert. dismissed*, 506 U.S. 19, 113 S.Ct. 486, 121 L.Ed.2d 324 (1992),

"Neither Rule 403 nor any analogous Rule provides any bright-line rule as to how old is too old." *Larson*, 112 F.3d at 605. As the Second Circuit explained in *Larson*

> The legislative history of Rule 414 reveals that Congress meant its temporal scope to be broad, allowing the court to admit evidence of Rule 414 acts that occurred

---

2007) (holding district court properly admitted evidence of the defendant's four prior acts of sexual assault against minors pursuant to Rule 413, including one prior act that occurred 40 years before the trial, where defendant was charged with aggravated sexual abuse of one minor under the age of sixteen while in Indian Country, in violation of 18 U.S.C. § 2241(c) and § 1153(a)). *But see United States v. Courtright*, 632 F.3d 363 (7th Cir. 2011) (holding that defendant's prior conviction for sexual assault not admissible under 413, but admission was harmless error in light of other evidence introduced at trial).

10

> more than 20 years before trial: No time limit is imposed on the uncharged offenses for which evidence may be admitted; as a practical matter, evidence of other sex offenses by the defendant is often probative and properly admitted, notwithstanding substantial lapses of time in relation to the charged offense or offenses. 140 Cong. Rec. at S12990 (Statement of Sen. Dole); see 140 Cong. Rec. at H8992 (Statement of Rep. Molinari ("notwithstanding very substantial lapses of time" (emphasis added))).

*Id.*

### E.  The Evidence Is Also Admissible Under Rule 404(b)

The United States will alternatively seek to introduce these prior convictions and D.L.'s testimony pursuant to Rule 404(b) as evidence of motive, intent, knowledge, plan and preparation, and lack of mistake in committing the sexual assaults charged in Counts 1 and 2 of the superseding indictment. *See United States v. Breitweiser*, 357 F.3d 1249, 1253 (11th Cir. 2004).

In *Breitweiser* the defendant was charged with abusive sexual contact with a 14-year old girl as a repeat sex offender, in violation of 18 U.S.C. §§ 2244(a)(3) and 2247, and simple assault of a 14-year old girl, in violation of 18 U.S.C. § 113(a)(5). Before trial, the United States filed notice of its intent to introduce evidence of the defendant's prior sexual contact with minors under Rule 413, including "the accusation and judgment of conviction arising from incidents in which Breitweiser fondled two thirteen-year-old girls, and testimony from a store clerk who saw Breitweiser masturbating near a girl several months after the events at issue in this case. *Id.* at 1252. The district court admitted the evidence under Rule 404(b). The Eleventh Circuit affirmed the conviction and held that

> [t]he district court did not err in admitting evidence that Breitweiser previously engaged in sexual conduct with children. The evidence was relevant to show Breitweiser's motive, intent, knowledge, plan and preparation, and lack of mistake when he touched [the victim in the charged offense]. The evidence was substantial, and it was not more prejudicial than it was probative.

11

*Id.* at 1254.

### III. CONCLUSION

For the reasons explained here, the defendant's Motion *In Limine* to exclude the defendant's prior convictions from 1991, 1997 and 2001, and the testimony of D.L. should be denied.

                                              Respectfully submitted,

                                              WIFREDO A. FERRER
                                              UNITED STATES ATTORNEY
BY:   *s/Maria K. Medetis*
            Maria K. Medetis
            Assistant United States Attorney
            Court Identification No.:  A5501214
            99 Northeast 4th Street
            Miami, Florida 33132-2111
            Tel: (305) 961- 9010
            Fax: (305) 530- 7976
            Maria.Medetis@usdoj.gov

### **CERTIFICATE OF SERVICE**

I hereby certify that on August 26, 2012, I caused the attached document to be electronically transmitted to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to counsel of record.

                                              /s/ *Maria K. Medetis*
                                              Maria K. Medetis