UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-CR-20482-MOORE

UNITED STATES OF AMERICA,

vs.

TROY DOUGLAS BRIMM,

    Defendant(s).
_____/

## JURY INSTRUCTIONS

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions you will go to the jury room and begin your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

The Government's burden of proof is heavy, but it doesn't have to prove a defendant's guilt beyond all possible doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

Did the witness's testimony differ from other testimony or other evidence?

Your decision must be based only on the evidence presented during the trial. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a defendant isn't evidence of guilt. The law presumes every defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. A defendant does not have to testify, and if the Defendant chose not to testify, you cannot consider that in any way while making your decision. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

The superseding indictment charges the Defendant Troy Douglas Brimm with three separate crimes, called "counts." Each count has a number. You'll be given a copy of the superseding indictment to refer to during your deliberations.

<u>Count 1</u> charges the Defendant, a United States citizen, with traveling in foreign commerce, from the United States to the Dominican Republic, and engaging in illicit sexual conduct with Minor D.G.M.

<u>Count 2</u> charges the Defendant, a United States citizen, with traveling in foreign commerce, from the United States to the Dominican Republic, and engaging in illicit sexual conduct with Minor J.R.P.

<u>Count 3</u> charges the Defendant with committing a felony offense involving a minor, as charged in Counts 1 and 2, while being required to register as a sex offender.

As I just explained, Counts 1 and 2 of the superseding indictment charge the Defendant with traveling in foreign commerce and engaging in illicit sexual conduct with minors D.G.M. and J.R.P.

It is a Federal crime for a United States citizen to travel in foreign commerce and engage in any illicit sexual conduct with another person.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1)  the Defendant is a United States citizen;

(2)  the Defendant traveled in foreign commerce; and

(3)  while the Defendant was in the foreign place, he engaged in illicit sexual conduct with another person, that is, D.G.M. (as to Count 1) and/or J.R.P. (as to Count 2).

To "travel in foreign commerce" means that the defendant moved from a place within the United States to a place outside the United States.

For purposes of this offense, the term "illicit sexual conduct" means a "sexual act" with a person who is under 16 years of age and is at least four years younger than the defendant. The term "illicit sexual conduct" also means a "commercial sex act" with a person under 18 years of age.

The term "sexual act" means:

- contact between the penis and the vulva, or the penis and the anus, involving penetration however slight; or

- contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus;

- the penetration – however slight – of another person's anal or genital opening by a hand, finger, or any object, with an intent to abuse, humiliate, harass, or degrade the person, or to arouse or gratify the sexual desire of the Defendant or any other person; or

- an intentional touching—not through the clothing—of the genitalia of a person younger than 16 years old, with the intent to abuse humiliate, harass, or degrade the person, or arouse or gratify the sexual desire of the Defendant or any other person.

"Commercial sex act" means any sex act, for which anything of value is given to or received by any person.

It is *not* necessary for the Government to prove that the illicit sexual conduct violated the laws of the foreign country where it occurred or that the Defendant intended to engage in the illicit sexual conduct at the time he departed the United States.

Count 3 of the Superseding Indictment charges the Defendant with committing an enumerated felony offense involving a minor while being required to register as a sex offender under Federal or other law.

A Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) the Defendant committed a felony offense involving a minor; and

(2) at the time the Defendant committed the felony offense involving a minor, the Defendant was required by Federal or other law to register as a sex offender.

You are instructed that a violation of Title 18, United States Code, Section 2423(c), as charged in Counts 1 and 2 of the Superseding Indictment, is an enumerated felony violation involving a minor.

A minor means any person under the age of eighteen years.

You are also instructed that federal law requires a person to register as a sex offender if the person is convicted of a "sex offense."

A violation of Title 18, United States Code, Section 2252(a)(2), that is receiving or distributing material involving the sexual exploitation of minors, is a "sex offense." If a person is convicted of that offense, the person is required to register as a sex offender under federal law.

You are further instructed that California law requires a person to register as a sex offender for the rest of his life, if the person is convicted of any of the following offenses as defined in the California Penal Code:

- participating in an act of sodomy with another person who is under 18 years of age, in violation of California Penal Code Section 286(b)(1).

- committing a lewd and lascivious act upon or with the body, or any part or member thereof, of a child who is under the age of 14, in violation of California Penal Code Section 288(a).

You are instructed that evidence of conduct by the Defendant on a previous occasion has been offered by the Government for its bearing on any matter to which it is relevant, including the Defendant's disposition or propensity to commit the offenses that are charged in the Superseding Indictment and the improbability that the Defendant has been falsely or mistakenly accused of these crimes.

It is entirely up to the jury to determine what weight, if any, such "other conduct" evidence deserves. In reaching your conclusion, you may consider all of the surrounding facts and circumstances of such testimony and give it such weight as you think it is entitled to receive in light of your experience and knowledge of human affairs.

However, you are cautioned that the Defendant is not on trial here for any acts or crimes not alleged in the Superseding Indictment. The Defendant may not be convicted of the crimes charged in the Superseding Indictment if you were to find only that he committed other crimes at some other time. You are reminded that, at all times, the Government bears the burden of proving beyond a reasonable doubt that the Defendant committed the offense charged in the Superseding Indictment.

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

Each count of the superseding indictment charges a separate crime. You must consider each crime and the evidence relating to it separately. If you find the Defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime.

I caution you that the Defendant is on trial *only* for the specific crimes charged in the superseding indictment. You're here to determine from the evidence in this case whether the Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether the Defendant is guilty. If you find the Defendant is guilty, the punishment is for the Judge alone to decide later.

Your verdict, whether guilty or not guilty, must be unanimous—in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you are judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time please write down your message or question and give it to the marshal. The marshal will bring it to me and I'll respond as promptly as possible—either in writing or by talking to you in the courtroom. But I caution you not to tell me now many jurors have voted one way or the other at that time.