UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:12-cr-20482-KMM

UNITED STATES OF AMERICA,

v.

TROY DOUGLAS BRIMM,

    Defendant.
                                     /

### ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL

This cause is before the Court on Defendant Troy Douglas Brimm's pro se Motion for New Trail [D.E. 177, 196, and 207]. For the reasons that follow, the motion is denied.

**I.    BACKGROUND**

On August 29, 2012, after a jury trial, Brimm was convicted of two counts of traveling in foreign commerce to engage in illicit sexual conduct with a minor, in violation of 18 U.S.C. §§ 2423(c) and 2426(a) (Counts 1 and 2), and one count of committing a felony sex offense involving a minor as a registered sex offender, in violation of 18 U.S.C. § 2260A (Count 3). Brimm was sentenced to a total of 413 months imprisonment. Brimm appealed his conviction and sentence. Both were affirmed.

On June 19, 2014, while the appeal of his conviction and sentence was pending, Brimm filed, under seal, a motion for new trial based on newly discovered evidence. [ECF No. 177]. In the motion, Brimm argues that he is entitled to a new trial based on this Court's denial of his August 16, 2012, unopposed motion to continue trial and his *ore tenus* renewed motion to continue trial made on the first day of trial. Brimm also argues that he is entitled to a new trial based on newly discovered evidence. In particular, Brimm alleges that he discovered "new

testimonial evidence from five Dominican citizens" who would testify that he was the victim of an extortion plot; that minor victims D.G.M. and J.R.P. testified falsely at trial; and that charges brought against him in the Dominican Republic were dismissed. Brimm offers affidavits purportedly made by individuals living in the Dominican Republic in support of this argument.

On April 15, 2015, Brimm filed, under seal, a supplement to his motion for new trial. [D.E. 196]. There Brimm alleges he has discovered additional "new" evidence in the form of affidavits from two more individuals living in the Dominican Republic who would also testify that he was the victim of an extortion plot and that the minor victims testified falsely at trial. Brimm also argues that the United States violated *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose exculpatory material and by preventing an exculpatory witness from testifying on Brimm's behalf at trial.

On July 21, 2015, Brimm filed a second supplement to his motion for new trial. [D.E. 207]. Brimm claims to have found more new evidence in the form of an affidavit in which minor victim J.R.P. appears to recant his trial testimony. The affidavit states that the father of minor victim D.G.M. sought to extort money from Brimm; that D.G.M.'s father coerced J.R.P. to tell Dominican authorities that Brimm sexually abused J.R.P.; that the United States brought J.R.P. to the United States against J.R.P.'s will; and that prosecutors "dictat[ed] what [J.R.P.] should say at trial."

Based on the allegations in the second supplement, on August 20, 2015, law enforcement agents from Homeland Security Investigations stationed in Santo Domingo, Dominican Republic, traveled to Puerto Plata, Dominican Republic, to speak with J.R.P. During this meeting, J.R.P. reviewed the affidavit he made purportedly recanting his trial testimony. He told agents that he did in fact sign the affidavit, but that the statements in the affidavit are false; that

2

he testified truthfully during trial in August 2012; and that he signed the affidavit because Yamilka Cristina Brito Barclay, Brimm's friend, "pressured" him to do so.[1]  J.R.P. also stated that that he did not draft the affidavit himself.  According to J.R.P., Ms. Brito invited him to a party at her home.  Ms. Brito gave J.R.P. food and drink (including alcohol) and then presented the prepared affidavit to J.R.P.  Ms. Brito told J.R.P. that he was responsible for putting Brimm in jail, and that if J.R.P. signed the affidavit, it would help Brimm.  The affidavit was read to J.R.P., which he then signed.  According to J.R.P., no one else signed the document in his presence.

Nearly one month later, J.R.P. gave law enforcement a handwritten letter, which he wrote himself.  [D.E. 229-1, Ex. G].  In the letter, J.R.P. states that at least four individuals (including Ms. Brito) participated in having him sign the affidavit.  The letter describes a friend of Brimm named Nansi who went to J.R.P.'s home and offered him money to sign documents.  The letter also discusses an attorney who contacted J.R.P., asked to meet J.R.P. "alone," offered to buy J.R.P. drinks and pizza, and advised J.R.P. that J.R.P. would be signing "documents" at that meeting, which the attorney described as "simple" and "nothing."  The letter also discusses the party at Ms. Brito's home during which J.R.P. signed the affidavit.  J.R.P. concludes the letter by stating that "everything" in the prior affidavit "is a lie" and "false" and that what he "said in court in the United States is the truth."

## II.     LEGAL STANDARD

Federal Rule of Criminal Procedure 33 provides that "upon a defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."  Fed. R. Crim. P. 33(a).  Any motion for a new trial based on newly discovered evidence must be filed

---

[1] Notably, Ms. Brito is one of the affiants Brimm relies on in support of his motion for new trial. [D.E. 177, Ex. F].

3

within 3 years after the verdict or finding of guilty, while any motion for a new trial based on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty." *Id*. (b)(1)–(2).

"Motions for a new trial based on newly discovered evidence are highly disfavored in the Eleventh Circuit and should be granted only with great caution. Indeed, the defendant bears the burden of justifying a new trial." *Id.* (quotation marks omitted). To succeed on such a motion, the defendant must establish that

> (1) the evidence was discovered after trial, (2) the failure of the defendant to discover the evidence was not due to a lack of due diligence, (3) the evidence is not merely cumulative or impeaching, (4) the evidence is material to issues before the court, and (5) the evidence is such that a new trial would probably produce a different result.

*United States v. Jernigan*, 341 F.3d 1273, 1287 (11th Cir. 2003) (internal citations and quotation marks omitted). "The failure to satisfy any one of these elements is fatal to a motion for a new trial." *United States v. Thompson*, 422 F.3d 1285, 1294 (11th Cir. 2005) (internal quotation marks omitted). A district court's denial of a motion for new trial is reviewed for abuse of discretion. *United States v. Campa*, 459 F.3d 1121, 1151 (11th Cir. 2006) (en banc).

### III.   DISCUSSION

Applying the Rule 33 standard to Brimm's motion, it is clear that he not entitled to a new trial.

#### A.   Brimm Is Not Entitled To A New Trial Based On The Court's Denial Of His Motion To Continue Trial

Brimm first argues that he is entitled to a new trial based on this Court's denial of his August 16, 2012, unopposed motion to continue trial and his *ore tenus* renewed motion to continue trial. He contends that the Court's ruling deprived him of his right to present "crucial evidence" in his defense at trial, "undermined the fundamental fairness of his trial," and

4

"violate[d] the Sixth Amendment compulsory process and due process guarantees." Under Rule 33, however, a motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty. Fed. R. Crim. P. 33(b)(2). A court lacks jurisdiction to hear an untimely Rule 33 motion. *See United States v. Angulo*, 132 F. App'x 240, 241 (11th Cir. 2005). This argument is thus untimely, as it was filed on June 25, 2014—nearly one year and ten months after the August 29, 2012, guilty verdict in this case. Brimm's motion for new trial based on the Court's denial of his motion to continue is dismissed for lack of jurisdiction.

### B. Brimm's Non-Recantation Evidence Is Not Newly Discovered Because It Was Known To Him Before Trial

Brimm next argues that he is entitled to a new trial in light of newly discovered evidence. He first offers non-recantation evidence in the form of affidavits from individuals who would, according to Brimm, testify that the minor victims in this case were forced to lie at trial as part of an alleged extortion plot against Brimm, orchestrated by the father of minor victim D.G.M.[2] The United States counters that this evidence is not newly discovered because it was known to Brimm before trial.

It is well-settled that newly available evidence is not synonymous with newly discovered evidence in the Rule 33 context. *See United States v. DiBernardo*, 880 F.2d 1216, 1224–25 (11th Cir. 1989). Even where an affidavit is not available until after trial, if the factual basis for the testimony in the affidavit existed before trial, then it is not newly discovered evidence. *United States v. Bell*, 761 F.3d 900, 912 (8th Cir. 2014). In other words, "Rule 33 does not authorize district courts to grant new trials on the basis of such evidence since it is not newly

---

[2] The affiants are Florentino Polanco [D.E. 177, Ex. E], Yamilka Christina Brito Barclay [D.E. 177, Ex. F], Kelvin Pichardo Diaz [D.E. 177, Ex. G], Elia Pichardo Almonte [D.E. 177, Ex. H], Facunda Diaz Hernandez [D.E. 177, Ex. H], Jelson Pichardo [D.E. 196, Ex. I], and Carlos Marte [D.E. 196, Ex. J].

5

discovered, but merely newly available." *Id*. (citing *United States v. Owen*, 500 F.3d 83, 89 (2d Cir. 2007)).

Brimm's non-recantation evidence is not newly discovered because the United States disclosed the alleged extortion plot before trial. For example, in support of his contention that he was the victim of an extortion plot, Brimm cites to the transcript of the July 23, 2012, interview of minor boy J.A.R.P., the brother of minor victim J.R.P. Brimm, however, omits that the United States produced the transcript of J.A.R.P.'s interview to defense counsel before trial. [D.E. 210, Ex. A]. Brimm also relies on the statements of Carlos Marte. But Marte's allegations were known to Brimm before trial: the United States disclosed that information in an August 26, 2012, letter. *Id.* Brimm further points to the March 3, 2013, affidavit of Yamilka Cristina Brito Barclay, where Ms. Brito confirms the extortion plot. Again, this information was known to Brimm before trial. On August 10, 2012, the United State disclosed a summary of its July 26, 2012, interview of Ms. Brito, where she stated that on the day of Brimm's arrest, the father of one of the victims approached her for money because she was in possession of Brimm's bank credit card.[3] [D.E. 210, Ex. C].

The record in this case shows that allegations of a plot to extort Brimm or otherwise falsely accuse him were known to the defense before trial and before the August 29, 2012, guilty verdict in this case. Having failed to meet the first requirement for establishing a basis for new trial—namely, that the evidence of the supposed extortion plot was discovered after trial—

---

[3] Ms. Brito also stated that she provided this very information to defense counsel sometime around July 2012 when defense counsel travelled to the Dominican Republic to interview her about Brimm's criminal prosecution.

6

Brimm fails to justify his motion for a new trial. Accordingly, Brimm's motion based on newly discovered non-recantation evidence is denied.[4]

### C. Brimm's Recantation Evidence Does Not Warrant A New Trial

In addition, Brimm offers the affidavits of Kelvin Pichardo Diaz and J.R.P. as evidence that the minor victims who testified against him at trial have since recanted their testimony. Mr. Diaz's affidavit alleges that minor victim D.G.M. told him that Brimm never hurt D.G.M., and that D.G.M.'s father will not allow D.G.M. to tell the truth about Brimm. J.R.P.'s affidavit, meanwhile, states that Dominican law enforcement, D.G.M.'s father, and the United States coerced J.R.P. to testify falsely against Brimm at trial.

"The impact of recanted testimony as a basis for a new trial motion depends both on the credibility of the recanting witness and the materiality of his testimony. Unless the recanted testimony would probably produce an acquittal on retrial, a new trial motion on this ground must be denied." *Mastrian v. McManus*, 554 F.2d 813, 822-23 (8th Cir. 1977). Allegations of witness recantations are to be viewed "with extreme suspicion," and incredible testimony can be the basis for denying a motion for a new trial. *United States v. Dumas*, 280 Fed. Appx. 848, 852 (11th Cir. 2008) (citations omitted). "This skepticism 'is especially applicable in cases of child sexual abuse where recantation is a recurring phenomenon' particularly 'when family members are involved and the child has feelings of guilt or the family members seek to influence the child to change her story.'" *United States v Rouse*, 410 F.3d 1005, 1009 (8th Cir. 2005) (citation omitted).

---

[4] In any event, even assuming the evidence is newly discovered, it is impeachment evidence that goes toward the credibility of the minor victims who testified at trial and who were subject to cross examination. Therefore, the evidence does not suffice to warrant a new trial. *See United States v. Champion*, 813 F.2d 1154, 1171 (11th Cir. 1987) (holding that "[n]ewly discovered impeaching evidence is insufficient to warrant a new trial").

The Court rejects Brimm's purported recantation evidence. D.GM.'s supposed recantation is based on the affidavit of Mr. Diaz, which alleges that at an unspecified time, on an unspecified date, and at an unspecified place D.G.M. stated that he wanted to "help" Brimm. This affidavit is self-serving, vague, and lacks credibility. Further, given the record as a whole, including D.G.M.'s trial testimony, the cross examination of D.G.M. at trial, and the suspect nature of Mr. Diaz's affidavit, it is unlikely that the purported testimony of Mr. Diaz would produce an acquittal if a new trial was held.

J.R.P.'s recantation is equally incredible. As a threshold matter, in his own letter, J.R.P. describes how Ms. Brito and Brimm's other friends made him feel guilty for testifying against Brimm, offered him money, food, and alcohol, and pressured him to sign the affidavit. Moreover, J.R.P. has retracted his recantation to law enforcement in a handwritten letter. Given this retraction, J.R.P.'s account of events remains the same as it was during trial. Thus, a new trial would not produce a different result, and Brimm's motion based on newly discovered recantation evidence is denied. *See United States v. Santiago*, 837 F.2d 1545, 1550 (11th Cir. 1988) (affirming district court's denial without hearing of motion for new trial based on government witness recantation).

### D.     Brimm's Allegations Of Prosecutorial Misconduct Lack Merit

Brimm also claims that the United States engaged in prosecutorial misconduct because it failed to disclose exculpatory or impeachment evidence; "hid" an exculpatory witness (Carlos Marte), thereby making the witness unavailable to Defendant; and intimidated said witness.

"[T]he burden to show a *Brady* violation lies with the defendant." *See United States v. Esquenazi*, 752 F.3d 912, 933 (11th Cir. 2014). To establish a *Brady* violation, a defendant must show that

8

> (1) the government possessed evidence, including impeachment evidence, favorable to the defense; (2) [the defense] did not possess the evidence nor could have obtained it with reasonable diligence; (3) the prosecution suppressed the favorable evidence; and (4) had the evidence been disclosed to the defense, a reasonable probability exists that the trial outcome would have been different, i.e., the evidence was material.

*Id.*

Brimm's allegations that the United States failed to disclose exculpatory evidence is belied by the record. On August 9, 2012, the United States filed its Third Response to the Standing Discovery Order [D.E. 19]. Included in that response was the law enforcement report regarding the United States' July 27, 2012, interview of Mr. Marte where Mr. Marte disclosed, among other things, that he believed that Brimm would be taken advantage of because he was helping too many children. Then, on August 23, 2012, at the calendar call for this matter, the United States informed defense counsel that earlier in the day Mr. Marte informed the Government of an alleged extortion plot. Specifically, Mr. Marte stated that that minor J.A.R.P. told Mr. Marte that the father of one of the victims in this matter allegedly forced the minor victim to lie in order to obtain money from Brimm. After the United States verbally disclosed this information to defense counsel, the United States memorialized its verbal disclosure in a letter dated August 26, 2012.

Brimm's allegation that the United States hid Mr. Marte is also meritless. Based on the United States' August 9, 2012, disclosure, Brimm was aware that the Government had met with Mr. Marte in the Dominican Republic. Still, Brimm shows nothing in the record to suggest that he sought to contact Mr. Marte himself or through counsel, or that he otherwise sought to meet with Mr. Marte. Nor is there anything in the record to suggest that Brimm asked the United States to meet with Mr. Marte while Mr. Marte was in the United States, or that Brimm attempted to summon Mr. Marte to trial via subpoena.

Other than Mr. Marte's affidavit, the record lacks any evidence that the United States failed to disclose exculpatory evidence, hid an exculpatory witness, or otherwise prevented Mr. Marte from testifying at trial. The Court rejects Brimm's *Brady* claim.[5]

### E. A Hearing On Brimm's Motion For A New Trial Is Not Required

Brimm requests a hearing on his motion for a new trial. But "[a] defendant is not entitled to an evidentiary hearing on a motion for new trial if 'the acumen gained by a trial judge over the course of the proceedings [made him] well qualified to rule on the [evidence] without a hearing.'" *United States v. Mobley*, 372 F. App'x 69, 70 (11th Cir. 2010) (quoting *United States v. Schlei*, 122 F.3d 944, 994 (11th Cir. 1997)). This Court is well qualified to rule on the evidence presented without a hearing. The Court is fully aware of the record in this case, as it presided over this matter from indictment through trial, and continues to preside over it to this day. During trial, moreover, the Court was able to assess the credibility of the minor victims who testified. Accordingly, Brimm's motion for a hearing is denied.

## IV. CONCLUSION

For the foregoing reasons, Defendant Troy Douglas Brimm's Motion for New Trial [D.E. 177, 196, and 207] is denied.

Done and ordered in Chambers at Miami, Florida, this 6th day of January, 2016.

K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

c: Counsel of record

---

[5] It is also worth noting that the reliability of Mr. Marte's affidavit is, at best, suspect. In his July 27, 2012, interview with the United States, Mr. Marte stated that he is not able to read. [D.E. 229, Ex. F]. Curiously, however, his affidavit states that he "transcribed" and "read aloud" his affidavit before signing it. [D.E. 196, Ex. J]. That Mr. Marte could have written or read the affidavit seems, in light of his self-reported inability to read, incredible.